MICHIGAN SAVINGS AND LOAN ASSOCIATION, Appellant, v. MISSOURI, KANSAS & TEXAS TRUST COMPANY, Respondent.

### Kansas City Court of Appeals, January 10, 1898.

1. **Principal and Surety:** BOND OF INDEMNITY: NOTICE OF DEFAULT TO OBLIGOR. A bond of a trust company to indemnify for losses sustained by reason of the misconduct of the obligee's agent made it the obligee's duty to notify the obligor of any act of the agent's misconduct, and failure to give such immediate notice released the obligor. *Held,* that the obligee's knowledge of the agent's misconduct for six months without giving notice released the obligor.

2. ——: NOTICE TO OBLIGOR: WAIVER OF DEFENSE. Where the obligee inquired the obligor's reason for failing to indemnify obligee for losses arising from the misconduct of his agent, and the obligor wrote that among other reasons the agent was acting beyond the scope of the duties contemplated in his bond, he does not waive other defenses not mentioned.

VOL. 73 app—11

*Appeal from the Jackson Circuit Court.*—HON. JNO. W. HENRY, Judge.

AFFIRMED.

*Francis M. Hayward* and *Frederick W. Griffin* for appellant.

(1) The defendant, by putting its refusal to pay on the ground that the act was outside the scope of the bond, in its letter of March 28, 1893, waived all other grounds and can not take advantage of the fact that plaintiff first gave notice December 18, 1891, though some knowledge may have come to them in July, 1891. There is no conflict in the evidence. The only question in the case is, was the letter of March 28, 1893, a waiver of the condition of immediate notice. The following cases are to the effect that it was a waiver. *Thewing v. Ins. Co.*, 111 Mass. 93; *Transfer Co. v. Ins. Co.*, 34 Conn. 561–570; *Prentice v. Ins. Co.*, 77 N. Y. 483–489; *Brink v. Ins. Co.*, 80 N. Y. 108–112; *Goodwin v. Ins. Co.*, 73 N. Y. 489–496; *Winning v. Eq. Life Ass'n*, 58 Fed. Rep. 541; *McComas v. Ins. Co.*, 56 Mo. 573. (2) Under the pleadings which alleged plaintiff had done all things required by the bond to be done, a waiver of condition could be shown. *McCullough v. Ins. Co.*, 113 Mo. 605–616.

*Trimble & Braley* and *B. N. Simpson* for respondent.

(1) All of this information as to when appellant first knew of Van Buren's misappropriations must necessarily have been almost entirely within the possession of appellant. The burden of proving that respondent knew of this defense on March 28, 1893, is on appellant, and this fact has not been established by it in this case.

*Life Ins. Co. v. Winning*, 58 Fed. Rep. 547; *McCullom v. Ins. Co.*, 67 Mo. App. 66; *Donohue v. Ins. Co.*, 56 Vt. 374; *Titus v. Ins. Co.*, 81 N. Y. 410; Beach on Ins. [1895 Ed.], sec. 761; *Weed v. Ins. Co.*, 116 N. Y. 106; *Robertson v. Ins. Co.*, 88 N. Y. 541; May on Ins. [3 Ed.], sec. 506; *Brown v. Assur. Co.*, 40 Hun. 101; (2) A man does not lose his rights without intention or facts which import intention. Bigelow on Estoppel, p. 637; *Derens v. Ins. Co.*, 83 N. Y. 168; *Schmidt v. Ins. Co.*, 55 Mich. 432; *Donahue v. Ins. Co.*, 56 Vt. 382; *Stiepel v. Ins. Co.*, 55 Mo. App. 224; *Fink v. Ins. Co.*, 60 Mo. App. 673; Beach on Ins. [1895 Ed.], sec. 760; *Donahue v. Ins. Co.*, 56 Vt. 374; *Ins. Co. v. Paresol*, 35 Ohio St. 35; *Brown v. Assur. Co., supra.*

GILL, J.—This is a suit on a bond executed by defendant, February 2, 1891, to secure the plaintiff from any loss it might sustain because of any misconduct or misappropriation of one Van Buren, who was plaintiff's local agent at Denver, Colorado. During the month of March following the execution of the bond, plaintiff sent $2,400 to said Van Buren to be loaned as per agreement to a Denver party, the money to be paid over as certain buildings progressed which were then being erected by the borrower. Van Buren took about $1,000 of this fund and appropriated the same to his own use.

STATEMENT.

The evidence shows that in the month of June or first part of July, 1891, the plaintiff became aware of the defalcation of its agent, made repeated and futile efforts to get the agent to settle and account, and finally by letter dated and mailed at Detroit, Michigan, December 18, 1891, gave notice thereof to defendant and demanded that in pursuance of the bond the defendant make good Van Buren's embezzlement. Defendant failing so to do, this action was brought, and in a trial

by the court without the aid of a jury, there was a finding and judgment for defendant and plaintiff appealed.

No instructions were asked or given, and we are left then to determine simply whether or not under the facts appearing in the record the judgment is for the right party.

The principal defense, as set up in the answer and urged in defendant's brief, is that the plaintiff, obligee in the bond, failed to give the obligor, trust company, due and timely notice of Van Buren's misconduct and defalcation, as provided for in the following condition of the bond:

"This Bond is given and accepted subject to the following conditions and agreements, which are hereby ratified by all the parties hereto:   *   *   *

(2)   "As soon as any act of omission or commission on the part of the employee, *tending to fix a liability* on the part of the company, shall come to the knowledge of the obligee, the company shall cease to be liable upon this bond for any further act of the employee in said employment; and it shall be the duty of the obligee *at once to notify the company in writing*, at its office in Kansas City, Mo., of said act, and to make its claim for any loss arising from any of said act or acts within six months after the same shall have been discovered; and on failure to give *such immediate notice*, or to make such claim within the said time, this bond shall be void.   And upon payment of said loss, this bond shall be surrendered to the company."

From the brief statement of facts prefacing this opinion, it must be readily seen that plaintiff so delayed giving defendant notice of Van Buren's misconduct as clearly to bring the case within the condition above quoted.   The plaintiff, obligee in the bond, came to the knowledge of Van Buren's misappropriation of the

PRINCIPAL and surety: bond of indemnity: notice of default to obligor.

money in his charge about six months before it notified the defendant company thereof. This was a clear violation of the terms of the bond, which required immediate notice in writing to the defendant company. This was a reasonable provision of the contract and must be enforced according to its terms, which are that on plaintiff's "failure to give such immediate notice * * * this bond shall be void."

Plaintiff's counsel, however, seek to avoid the effect of the foregoing stipulation by the claim made that defendant afterward *waived* this provision of the contract. It seems that in March, 1893, and more than a year and a half after the agent's failure to account for the money intrusted to his keeping, plaintiff's attorneys at Detroit wrote to defendant at Kansas City asking upon what ground it declined to indemnify the plaintiff for the Van Buren defalcation.

——: notice to obligor: waiver of defense.

In answer thereto defendant's vice-president wrote, of date March 28, 1893, that *"among many other reasons"* why he thought his company was not liable was that the agent at the time and in the act of embezzling plaintiff's funds was acting beyond and without the scope of the duties contemplated in the bond.

We do not think this letter can be treated as a waiver or abandonment of all defenses save and except that Van Buren was at the time acting beyond the scope of employment for which the bond was given. Waiver has been defined as "the intentional relinquishment of the known right." Or as said by a learned judge: "To make out a case of abandonment or waiver of a legal right, there must be a clear, unequivocal, and decisive act of the party showing such a purpose, or acts amounting to estoppel on his part." In *Stiepel v. Life Ass'n*, 55 Mo. App. 224, Judge ROM-BAUER says that "waiver depends solely upon the inten-

tion of the party against whom it is invoked, and it is in that respect different from estoppel." It is not meant by this, however, that one's secret understanding is to control, for a party's intent will be construed from his acts or what he may do or write.

The point here is that there was nothing in defendant's letter of March, 1893, which could reasonably lead plaintiff to believe or infer that defendant intended to rest its defense solely on the alleged ground that the agent had embezzled plaintiff's money while employed outside the work contemplated in the bond. The letter does not specify this as the sole defense, but rather insists that defendant has *other reasons* for denying liability; the letter mentions this "among many other reasons," which are not specified.

The judgment is for the right party and will be affirmed. All concur.