THE STATE ex rel. ANNA RIESMEYER v. CHARLES W. HOLTCAMP, Judge of Probate Court.

In Banc, January 19, 1918.

1. **ADMINISTRATOR: Appointment: Controlled by Mandamus.** A supervising court has power by mandamus to compel a probate court to appoint an administrator in accordance with the specific provisions of the statutes.

2. ———: **Renunciation: De Bonis Non.** Where the decedent left no wife or children, but a brother and sister, and the sister filed a renunciation of her right to administer, together with her request that letters of administration be issued to her brother, and that was done, and he died before the estate was fully administered, such renunciation did not operate as a waiver of her right to be appointed administratrix *de bonis non* of decedent's estate, nor give the public administrator power to file notice that he had taken charge of the estate, but under the statute she had the right to administer, and upon the refusal of the probate court, upon her timely application, to appoint her, mandamus is appropriate to compel her appointment as administratrix *de bonis non*.

3. ———: ———: **Extent of Waiver.** One cannot waive a right not at the time in existence. Waiver can never be effective except by intention and with knowledge of the existence of the right or thing intended to be relinquished. A renunciation by a sister in favor of her brother of her right to administer on a deceased brother's estate did not operate as a waiver of her right, upon the death of the brother so appointed administrator, to be appointed administratrix *de bonis non* of said decedent's estate, for her

right to be so appointed was not in existence when she relinquished her right to administer in favor of the surviving brother.

4. ————: **Public Administrator: Notice Superseded: Discretion.** Whatever provisional power resulted to the public administrator from a filing by him of a notice, immediately after an administrator's death, that he had taken charge of decedent's estate, is superseded by the timely filing by a sister entitled to administer of an application to be appointed administratrix *de bonis non;* and since the duty of the probate court to appoint her is statutory, the judge was not called upon to determine the effect of a previous renunciation of her right to administer filed after decedent's death.

## Mandamus.

WRIT GRANTED.

*D. J. O'Keefe* and *Rassieur, Kammerer & Rassieur* for relator.

(1) Mandamus will lie to compel a probate court to appoint an administrator, where that court has failed to perform its plain legal duty. State ex rel. v. Holtcamp, 267 Mo. 420; State ex rel. v. Fowler, 108 Mo. 470; Flick v. Schenk, 212 Mo. 279; State ex rel. v. Holtcamp, 266 Mo. 372. (2) Under the circumstances of this case, there is an urgent necessity for the exercise of the jurisdiction of this court, in order to do full and complete justice to the parties, as full and adequate relief can only be given by this court. State ex rel. v. Fowler, 108 Mo. 465; State ex rel. v. Holtcamp, 266 Mo. 347. (3) No property of the estate of Louis H. Haase being left in a situation exposed to loss or damage, the filing of the notice by the public administrator that he had taken charge, was unauthorized by Sec. 302, R. S. 1909, and he did not obtain any jurisdiction over said estate by virtue of such notice. McCabe v. Lewis, 76 Mo. 302; Lewis v. McCabe, 76 Mo. 307; In re Est. of Landgraf, 183 Mo. App. 255; In re Est. of Brinckwirth, 268 Mo. 95. (4) If the filing of this notice conferred any authority upon the public administrator, then such authority was provisional only, to be exercised until the probate court was called upon to exercise its constitutional jurisdiction to appoint an administrator; and upon the filing of relator's application, it thereupon

became the duty of respondent to revoke the authority of the public administrator and to appoint her administratrix *de bonis non* of the estate, she being the only applicant and in all respects qualified to act. In re Estate of Brinkwirth, 268 Mo. 86; R. S. 1909, sec. 54. (5) The office of administrator *de bonis non,* created by Sec. 54, R. S. 1909, is a new office, entirely independent and distinct from the office of original administrator, created by Section 15 of the Administration Act. Woerner on Admin. (2 Ed.), sec. 351; 11 Am. & Eng. Ency. Law (2 Ed.), p. 1325; 18 Cyc. 1309; Harney v. Dutcher, 15 Mo. 89; State ex rel. v. Hunter, 15 Mo. 490: Russell v. Hoar, 3 Metc. (Mass.) 187; Stevens v. Larwill, 110 Mo. App. 140. (6) By waiving her preferred right to original letters under section 15, relator did not thereby waive her perferred right to appointment to the new office of administrator *de bonis non,* under section 54. The waiver filed had no application to this new office, and the probate court therefore had no right to consider it in connection with relator's application for letters *de bonis non.* Pendleton v. Pendleton, 14 Miss. 448; Brodie v. Mitchell, 85 Md. 516; 1 Williams on Executors, p. 573; 18 Cyc. 81; Perry v. De Wolff, 2 R. I. 103; In re Haug's Estate, 60 N. Y. S. 382; Coddington v. Newman, 3 Thomp. & Cook, 364, 63 N. Y. 639; Thomas v. Kneighton, 23 Md. 318. (a) A waiver is the intentional relinquishment of a known right, i. e., a right or privilege then in existence. Hayes v. Mining, 263 Mo. 45; Henderson v. Koenig, 192 Mo. 714; Williams v. Railroad, 153 Mo. 519; Bishop on Contracts, sec. 792. (b) In order to constitute a valid waiver, the right or privilege must be in existence. Ins. Co. v. Thomas, 82 Fed. 406; Berman v. Fraternities Assn., 107 Me. 373; 40 Cyc. 258. (c) Knowledge of the existence of the right is an essential prerequisite to its relinquishment. Williams v. Railroad, 153 Mo. 519; Horstman v. Insurance Co., 194 Mo. App. 438; Jewell v. Jewell, 84 Me. 304; 40 Cyc. 259. (d) The question of waiver is mainly one of intention, which lies at the foundation of the doctrine: there can be no waiver unless so intended. Hayes v. Manning, 263 Mo. 45; Sav.

& Loan Assn. v. Trust Co., 73 Mo. App. 165; Stiepel v. Association, 55 Mo. App. 233.

*George B. Webster* and *Frumberg & Russell* for respondent.

(1) The renunciation of relator filed in the probate court was a final, absolute and irrevocable renunciation of her right to administer upon the estate of Louis H. Haase. Sec. 17, R. S. 1909; Lutz v. Mahan, 80 Md. 253 Stockdale v. Conway, 14 Md. 99; Thornton v. Winston, 4 Leigh (Tenn.), 152; State ex rel. v. Romjue, 136 Mo. App. 650; State ex rel. v. Holtcamp, 267 Mo. 412; State ex rel. v. Nortoni, 191 S. W. 429. (2) The filing of the statutory notice by the public administrator was sufficient to vest him with the administration, and no act of the probate judge was necesstry to that end. The probate court had no authority to interfere with his administration until it adjudged that relator had a superior right to administration. Vermillion v. LeClare, 89 Mo. App. 55; Leeper v. Taylor, 111 Mo. 312; In re Estate of Hill, 102 Mo. App. 620; Tittman v. Edwards, 27 Mo. App.; Richardson v. Busch, 198 Mo. 174; In re Estate of Brinckworth, 266 Mo. 473. (3) In determining the issues of fact and of law raised by the petition of relator in the probate court, respondent, as judge thereof, acted judicially, and his action is not subject to control by mandamus. State ex rel. v. McGown, 89 Mo. 156; State ex rel. v. Edwards, 11 Mo. App. 152; State ex rel. v. Dearing, 173 Mo. 492; State ex rel. v. Grimm, 220 Mo. 490; State ex rel. v. Wurdeman, 187 S. W. 257; State ex rel. v. Holtcamp, 267 Mo. 412; State ex rel. v. Nortoni, 191 S. W. 429.

BOND, J.—I. The facts admitted as set forth in our alternative writ of mandamus, are these:

On October 23, 1916, Louis H. Haase, a St. Louisan, died intestate, leaving neither wife nor child. His heirs at law were Edward T. Haase, a brother, Anna Ries-

Statement. meyer, a sister and several nieces and nephews, minor children of a deceased brother and sister. He died possessed of considerable real estate, besides personalty of over two thousand dollars.

In order to secure the appointment of her brother Edward T. Haase, as sole administrator of the estate of her brother Louis H. Haase, Anna Reismeyer filed a waiver of her right to original letters of administration. The waiver of her right is as follows:

"Hon. Chas. W. Holtcamp, Judge of the Probate Court of the City of St. Louis:

"We, the undersigned persons entitled to administer on the estate of Louis H. Haase, late of the city of St. Louis, Missouri, who died on the 23rd day of October, 1916, hereby renounce our right to administer on the estate of said deceased, and request that letters of administration be issued to Edward T. Haase.

"MRS. G. RIESMEYER."

Upon the filing of this renunciation by Anna Riesmeyer, letters were issued to Edward T. Haase, who qualified as such administrator. But before the administration of the estate had been completed, on May 13, 1917, at ten o'clock p. m., Edward T. Haase died. On May 14, 1917, about nine o'clock in the morning and as soon as the office of the clerk of the probate court was opened, Frank M. Slater, public administrator of the city of St. Louis, filed notice that he had taken charge of said estate of Louis H. Haase. This notice was filed without the consent or request of any of the heirs or creditors of the estate, and the public administrator neither took, nor made any attempt to take, into his custody or control any assets belonging to the estate.

Thereafter on May 17, 1917, the relator herein, Anna Riesmeyer, filed her application for letters of administration *de bonis non*, together with a motion to remove the public administrator and revoke his authority to administer the estate. This motion was overruled and the application by relator for letters was denied. Thereupon relator instituted this proceeding for

a writ of mandamus directing Charles W. Holtcamp, judge of the probate court of the city of St. Louis, to issue letters of administration *de bonis non* to her.

II. The power of a supervising court to compel a judge of probate to appoint an administrator in accordance with the specific provisions of the statutes of this State, designating the persons and the order in which Mandamus. they are entitled to appointment as such, is too well settled for controversy. [State ex rel. v. Holtcamp, 267 Mo. l. c. 420; State ex rel. v. Fowler, 108 Mo. l. c. 470; Flick v. Schenk, 212 Mo. 275; State ex rel. v. Holtcamp, 266 Mo. 347.]

The undisputed facts in this case show that the relator is the only surviving sister of Louis H. Haase, deceased; that her brother Edward T. Haase was appointed sole administrator upon the death of Louis H. Haase, Renunciation. upon the renunciation and request of relator. In the nature of things this renunciation could not divest her of any right of which she was not apprised and which was not then in existence. It was merely a waiver on her part with full knowledge of any right to be joined in the original administration of her deceased brother's estate. To that extent only did she waive any rights given her by the statute. A waiver can never be effective except by intention and with knowledge of the existence of the right or thing intended to be relinquished. [Bishop on Contracts, sec. 792; Hayes v. Manning, 263 Mo. l. c. 45; Henderson v. Koenig, 192 Mo. 690, 714; Williams v. Railroad, 153 Mo. l. c. 519; Michigan Sav. & Loan Assn. v. Trust Co., 73 Mo. App. 161; Stiepel v. Life Assn., 55 Mo. App. 224.]

At the time of the renunciation relied upon by respondent as a waiver on the part of relator, she was entitled by virtue of the provisions of the statute to be joined with her surviving brother in the administration of the estate of her deceased brother, since she and her surviving brother were the only competent distribu-

tees of the estate of their deceased brother, who left no wife or child.

The statute affording her this right is, to-wit:

"Letters of administration shall be granted: First, to the husband or wife; secondly, to those who are entitled to distribution of the estate, or one or more of them, as the court or judge or clerk in vacation, shall believe will best manage and preserve the estate." [R. S. 1909, sec. 15.]

Her waiver or renunciation was necessarily confined, therefore, to the privileges accruing to her under the above statute and hence was totally without any evidentiary force as to any subsequent right to administer under the statute, which provides for the appointment of an administrator *de bonis non* upon the death or revocation of letters of the previous personal representative of the deceased. The provisions of that statute applicable in such cases are that "letters of administration of the goods remaining unadministered shall be granted to those to whom the administration would have been granted if the original letters had not been obtained; and the administrator shall perform the like duties and incur the like liabilities as the former executors or administrators." [R. S. 1909, sec. 54.] Relator never became entitled to the privileges accorded to her by the above quoted terms of the statute until after the death of her brother, the previous administrator, on May 13, 1917. Demonstrably, therefore, her previous renunciation had no reference as a waiver to any privileges given by the latter statute, for when it was made those privileges had not accrued and she could not have known they would ever accrue. The terms of the renunciation do not purport to waive the right to be appointed administrator *de bonis non*.

III. When she applied to the probate court on May 17, 1917, for the grant of letters *de bonis non,* all the remaining heirs and distributees joined in that application and the jurisdiction of the probate court was thereby invoked to appoint an administrator in pur-

suance of the provisions of Section 54, Revised Statutes 1909, supra. The jurisdiction of the probate court then assumed, was not dislodged by the fact that the public administrator, without taking charge of the assets of the estate, three days before and within a few hours of the death of the decedent, had filed a notice in the office of the clerk of the probate court, reciting, contrary to the fact, that he had taken charge of the estate of Louis H. Haase. [In re Est. of Brinckwirth, 268 Mo. l. c. 95.]

Whatever provisional power resulted to the public administrator from the filing of such notice, it was superseded when the jurisdiction of the probate court was invoked by the petition of the person designated in the statute as the proper appointee to administer the unadministered assets of Louis H. Haase. For then it became the statutory duty of the probate court to proceed to appoint an administrator *de bonis non.* In the performance of that statutory duty the judge of the probate court was not called upon to pass upon any waiver or renunciation on the part of relator, for neither in terms nor legal effect did her renunciation of her right to participate in the original administration have any reference to rights which might subsequently accrue to her under the statute applicable to the appointment of an administrator *de bonis non.* Hence no question of judicial discretion was presented. [State ex rel. v. Wurdeman, 187 S. W. l. c. 259.]

It follows that our writ should be made peremptory. It is so ordered. All concur.