JOHN O'BRIEN BOILER WORKS COMPANY, Appellant, v. THIRD NATIONAL BANK OF ST. LOUIS and BOARD OF MANAGERS OF STATE HOSPITAL NO. ONE AT FULTON.

Division Two, June 4, 1920.

**APPELLATE JURISDICTION:** State Hospital As Party  A state hospital is in no sense a political subdivision of the State, nor is its board of managers state officers: therefore, the Supreme Court has no jurisdiction of a case in which the sole question is whether the board of managers of a state hospital or a manufacturing company is the owner of a check for $2800 held by a bank.

Appeal from St. Louis City Circuit Court.—*Hon. Wilson A. Taylor,* Judge.

TRANSFERRED TO ST. LOUIS COURT OF APPEALS.

*Leahy, Saunders & Barth* for appellant.

*Irwin & Haley* for respondents.

WALKER, C. J.—The plaintiff brought suit in the Circuit Court of the City of St. Louis against the defendant the Third National Bank of that city, to require the bank to deliver to plaintiff a cashier's check for $2800, and for an injunction to prevent any other disposition of the check during the pendency of this action.

The Board of Managers of the State Hospital No. 1 at Fulton moved that it be permitted to intervene as a party defendant and to assert its ownership of the check. The motion was granted. The bank filed an answer disclaiming any ownership in the check, alleging

that it was a stake-holder without pay and declaring its willingness to deposit the check in the registry of the court and abide any order or judgment of same. An order was made sustaining the prayer of this answer, and the check was impounded by the clerk of the trial court pending the determination of the case. The answer of the board of managers set forth its claim of ownership, on grounds not necessary to be stated here, on account of our view as to the proper disposition of this case, and that it was entitled to a judgment for the possession of said check. The trial court so found and an appeal was granted to the St. Louis Court of Appeals on the application of the plaintiff. Upon the appeal being perfected the latter court, on the 17th of July, 1917, made and entered of record an order transferring the case to this court for review and final determination, on the ground that the cause was not within the jurisdiction of said Court of Appeals.

The original jurisdiction of the Supreme Court as defined by the Constitution (Sec. 12, Art. VI, Const. Mo.) is limited to cases where the amount in dispute, exclusive of costs, exceeds the sum of $7500 (Sec. 3937, R. S. 1909, as amended, Laws 1911, p. 190) ; to cases involving the construction of the Constitution of the United States or of this State; to cases where the validity of a treaty or a statute of or authority exercised under the United States is drawn in question; to cases involving the construction of the revenue laws of this State, or the title to any office under this State; to cases involving title to real estate; to cases where a county or other political subdivision of the State or any officer is a party, and in all cases of felony.

This section must, under a reasonable construction of its terms, furnish the measure of this court's jurisdiction; the greater portion of it, being clearly inapplicable under the facts, may be dismissed from consideration without comment. It cannot be said with any degree of reason that a state hospital is in any sense a political subdivision of the State, nor that its managers are state officers. They are appointive, administrative

officials clothed with such limited power, both as to its nature and extent, as is defined under Article VI, Chap. 19, Revised Statutes 1909. Moreover, they did not seek and were not granted leave to intervene as individuals, but in their quasi-corporate capacity as a board. Thus appearing, a review of the claim made involves no jurisdiction of this court.

The sole question involved is, who is entitled to the check? The Court of Appeals is clothed with ample power to determine whether or not the finding of the trial court in this regard was correct. The case should, therefore, be transferred to that tribunal for its final determination. It is so ordered. All concur.