WALTER F. SHEEHAN, Public Administrator in and for the City of St. Louis, and as such in charge of and administering the Estate of HOMER L. MEYERS, Appellant, v. FIRST NATIONAL BANK IN ST. LOUIS, a Banking Corporation, NELLIE M. MEYERS and NELLIE M. MYERS, Administratrix of the Estate of HOMER L. MEYERS. —140 S. W. (2d) 1.

Division One, May 7, 1940.

*William M. Fitch* and *Malcolm I. Frank* for appellant.

*Bryan, Williams, Cave & McPheeters* for First National Bank in St. Louis; *Harry J. Flanders* and *Thomas S. McPheeters, Jr.,* for Nellie, M. Meyers.

HYDE, C.—This is an action in equity seeking determination of the claims of the parties to certain personal property, asking also for an accounting and a temporary injunction. The court sustained defendants' separate demurrers and entered judgment of dismissal, from which plaintiff has appealed.

Both parties raise constitutional questions, requiring construction of the provisions of our State Constitution concerning the jurisdiction of the probate courts and the circuit courts. Plaintiff's petition covers twenty-seven printed pages, but it is only necessary to set out the essential facts alleged, which compel the result we reach, and which are hereinafter stated. Defendants' demurrer stated three grounds, namely: (1) lack of jurisdiction, of the subject matter, in the circuit court; (2) an adequate remedy at law; and (3) failure to state facts sufficient to constitute a cause of action.

As appears from the petition, plaintiff was the duly elected, qualified and acting Public Administrator of St. Louis. Defendant Nellie M. Meyers was the widow and administratrix of Homer L. Meyers, a resident of Saline County, Illinois, who died there intestate June 17, 1934. She was appointed administratrix by the proper court in Illinois on June 19, 1934, and deceased left no descendant or distributee who was a resident or citizen of Missouri, who would be entitled to administer property belonging to his estate in Missouri. Plaintiff, on June 18, 1934, filed notice in the Probate Court of St. Louis that he had taken charge of the estate of H. L. Meyers, and made demand upon defendant National Bank for his property which was refused, so that he never had possession of any property of the estate. Defendant National Bank in St. Louis had in its custody intangible personal property of deceased, at the time of his death, consisting of deposits in defendant bank, bonds of the United States, Chile, Australia, and the Dominican Republic, bonds of corporations (alleged to be all nonresidents of both Missouri and Illinois), and shares of stock in defendant bank. The petition also alleged concerning this property "that said deposit account and all of said securities, hereinabove mentioned held by said defendant, First National Bank in St. Louis, had a business situs or status at the time of the death of Homer L. Meyers, deceased, and for a long time prior thereto, in the City of St. Louis, Missouri, and at the banking house of the defendant, First National Bank in St. Louis, St. Louis, Missouri, and that it was there used by Homer L. Meyers, during his lifetime personally, and through the agency and instrumentality of the defendant, First National Bank in St. Louis, and that none of said property has at any time ever had a situs in the State of Illinois or at any other place while it was owned by Homer L. Meyers, except in the City of St. Louis and State of Missouri; that by reason of said facts said property is subject to taxation for state, city, school and other local taxation, and is subject to inheritance tax, all as provided by the law of the State of Missouri;" that "the business (of deceased in St. Louis) consisted of possessing, investing and reinvesting said property and the income therefrom, which business was conducted there by said deceased, Homer L. Meyers, by himself and through his agents;" and that "all of said property was so held in Missouri under a collusive and fraudulent agreement between said Homer L. Meyers, deceased, and said defendant, First National Bank in St. Louis, to avoid the payment of taxes thereon either in the State of Illinois or in the State of Missouri, and was not returned for taxation either in the State of Illinois or in the State of Missouri."

As further appears from the petition, the administratrix on June 23, 1934, filed an affidavit under the provisions of Sec. 273, R. S. 1929 (1 Mo. Stat. Ann. 172) and sought an order of the Probate Court of

St. Louis to remove the property from Missouri. Plaintiff proceeded in the probate court by citation to discover and obtain the property held by defendant bank but later dismissed that proceeding. Plaintiff claimed that taxes were due the State, schools and city on this property, including inheritance taxes, but on information furnished to the Treasurer and Attorney General of Missouri, an order was made by the Treasurer authorizing the property to be withdrawn from the State without paying inheritance taxes. Plaintiff stated that this information ''was intended to mislead and did mislead the State Treasurer.'' Thereafter, however, the ''Judge of the Probate Court made and entered his order vesting title in the property'' in the administratrix, upon the authority of Sec. 273, R. S. 1929 (1 Mo. Stat. Ann. 172). Plaintiff, in the later part of his petition, attacks the constitutionality of this section on several grounds.

Plaintiff's position is that, when the public administrator files the notice required by Sec. 302, R. S. 1929 (1 Mo. Stat. Ann. 192), ''the title to the personal estate vested'' in him; that he is then ''in the same status as any other administrator;'' that ''the only way he can be divested of his authority (and title to the estate property) is; first, by removal (under provisions of Sec. 43, R. S. 1929 (1 Mo. Stat. Ann. 27); second, resignation; third, the filing of a will by the deceased; and fourth, death;'' and that ''there is no provision or principle of law by which the title of the public administrator and his correlative right to possession can be divested by Sec. 273.'' Thus it seems that plaintiff's contention is that the right to administer upon an estate, in such circumstances as this, must depend upon the result of a race to the court house, between the public administrator and the widow, to get the necessary papers filed. Furthermore, plaintiff's position clearly is that the determination, of whether or not the grounds for his authority to administer on any particular estate exist (under Sec. 299, R. S. 1929, 1 Mo. Stat. Ann. 189), is to be solely and finally made by the public administrator himself, and that, when he indicates the result thereof by filing notice, his decision is conclusive and not subject to any review whatever. It is this claim that defendants challenge on constitutional grounds as to the probate court's jurisdiction.

Plaintiff relies on Troll v. Third National Bank, 278 Mo. 74, 211 S. W. 545, but that case, which allowed a public administrator, as ancillary administrator of a foreign estate, to recover possession of stock in a Missouri corporation, was decided before the enactment of Sec. 273. [See Lohman v. Kansas City Southern Ry. Co., 326 Mo. 819, 33 S. W. (2d) 112.] Moreover, the petition in the Troll case alleged the public administrator to be ''duly appointed and qualified as ancillary administrator,'' and not merely, as here, that he had ''filed his notice in the office of the Clerk of the Probate Court'' without taking actual possession of anything. [See In re Estate of

Brinckwirth, 268 Mo. 86, 186 S. W. 1048; State ex rel. Riesmeyer v. Holtcamp, 273 Mo. 124, 200 S. W. 294.] Sec. 299, R. S. 1929 (1 Mo. Stat. Ann. 189), which authorizes the public administrator to take charge of estates in certain instances (and of which action he is required to give notice by Sec. 302, R. S. 1929; 1 Mo. Stat. Ann. 192), also authorizes the probate court to make an order for him to do so, in which case he is not required to file such notice. The allegations in the Troll case indicate that there was some order or appointment therein. Furthermore, the Troll case is not authority for saying that a public administrator has such unlimited powers, as plaintiff claims, because it says that the judgment of the public administrator in "determining to take charge of the Missouri estate (of a foreign decedent) could not be questioned elsewhere than in the probate court;" that to question it elsewhere would be a collateral attack; and that "the determination of whether or not he is rightfully acting in a given estate is a matter of (for) the probate court." The court cited as authority McCabe v. Lewis, 76 Mo. 296, which definitely so holds, the court saying that "while the public administrator may, in the first instance, act on his own judgment in taking charge of an estate, his determination is by no means final and conclusive of the question of his authority to do so." [See also Hollingsworth v. Jeffries, 121 Mo. App. 660, 97 S. W. 632; Sec. 305, R. S. 1929, 1 Mo. Stat. Ann. 193; and 2 Limbaugh's Missouri Practice, 514, sec. 1005.]

The constitutional reason why this must be true was stated by this court in Grone v. Troll (In re Estate of Brinckwirth, 268 Mo. 86, 186 S. W. 1048); namely, this amounts to a claim that the public administrator and the probate court "have concurrent jurisdiction in the matter, and the first in the race to act excludes the jurisdiction of the other." This court held that the public administrator cannot have such concurrent jurisdiction for he is a mere administrative officer, and because of the constitutional provision for separation of powers of government into three distinct departments (Art. 3, Const. of Mo.), the Legislature "could not invest him with authority which the Constitution had expressly declared to be judicial, and had invested in a judicial office of its own creation," namely, the probate court. [By Sec. 34, Art. 6, Const. of Mo.] Therefore, we hold that it would be inconsistent with this principle of separation of powers, into such departments, for such acts of this administrative officer to be completely free from any judicial review, and that our Constitution places the authority for such review in the probate court.

In the petition before us it is stated that the probate court has decided this question against plaintiff, by holding in favor of the right of the widow to administer this estate here, in the manner provided by Sec. 273, by reason of being the foreign domiciliary ad-

ministratrix, and has by its order vested title to the property in her. This is also necessarily a holding that she has complied with all essential requirements of Sec. 273. Therefore, this suit (stating no grounds of direct attack on this judgment of the probate court) is a collateral attack on such judgment. It could only be successful, if, as plaintiff claims, this judgment is based upon the authority of an invalid unconstitutional statute. As to this, plaintiff makes several contentions based upon due process of law and equal protection of law clauses of the State and United States Constitutions. [Sec. 30, Art. 2, Const. of Mo.; Sec. 1, 14th Amendment, Const. of U. S.]

█ It is sufficient to say that, if plaintiff does in fact raise any constitutional questions, by these allegations of his petition (see State ex rel. Volker v. Kirby, 345 Mo. 801, 136 S. W. (2d) 319), the facts stated show that he is in no position to do so. This is because he was only indirectly affected by the future operation of Sec. 273, and never had any vested rights in the property of this estate or to administer upon it. His authority to ever do so, in any case, came from the Legislature, which created his office; and the Legislature could certainly change it or take it away, in whole or in part, as to future estates or rights coming into existence after it did so. [See Citizens Mut. Fire & Lightning Ins. Soc. v. Schoen (Mo.), 93 S. W. (2d) 669; State ex rel. Equality Sav. & Bldg. Assn. v. Brown, 334 Mo. 781, 68 S. W. (2d) 55, and cases cited; Kingshighway Presbyterian Church v. Sun Realty Co., 324 Mo. 510, 24 S. W. (2d) 108; State ex rel. Missouri State Board of Agriculture v. Woods, 317 Mo. 403, 296 S. W. 381; and the many other cases cited in 7 Mo. Digest, 254-257, sec. 42.] The enactment of Sec. 273 was such a change as to plaintiff's authority by limiting the situations in which it could be exercised.

█ Likewise, as shown by these authorities, plaintiff cannot raise objections, based upon violation of the Constitutional provision for uniform procedure in probate courts (Sec. 35, Art. 6, Const. of Mo.), on the ground that this adversely affects the interests of resident creditors, because he is not a creditor and is not directly affected by the provisions, of Sec. 273, with regard to creditors. Neither could he be heard to complain as to the effects of this section upon the collection of city, school or State taxes on the property of this estate, or the estate of other nonresident decedents, since he is neither a tax collector nor charged with any duties with regard to collecting these taxes. Sec. 273 puts the burden upon the foreign representative of the estate to make a showing "satisfying such probate court (not the public administrator) that all amounts due this State on account of taxes have been paid." It is, therefore, immaterial so far as plaintiff's rights are concerned where the situs of this property is for purposes of taxation. With regard to State inheritance taxes, plaintiff states that the officers charged with the duty of determining liability

for and collection of such taxes (State Treasurer and Attorney General) have already acted to make a finding against such liability in this case. Plaintiff points to no statute giving him any authority to review the acts of these State officers, whether they are misled as to law or facts or not. The contentions plaintiff makes as to the jurisdiction of the probate courts, under the provisions of Sec. 34, Art. 6 of our Constitution, and his right to make such a collateral attack in the circuit court upon its judgment, must therefore be ruled against plaintiff. Certainly the subject matter, covered by Sec. 273, clearly comes within the limits of the matters placed in the jurisdiction of the probate court by that section of the Constitution, and when the probate court has ruled such a question its judgment, not appealed, is final.

The judgment is affirmed. *Bradley* and *Dalton, CC.,* concur.

PER CURIAM:—The foregoing opinion by HYDE, C., is adopted as the opinion of the court. All the judges concur.