C. R. STRIBLING, C. M. CLAY, CHARLES A. SMITH, W. G. STALEY and W. B. WATERS, Constituting the Board of Trustees of the Audrain County Hospital, Appellants, v. J. FRANK JOLLEY, G. F. KALLEN-BACH, C. L. GARCIA, FRED GRIFFIN, HARRY F. O'BRIEN, HOWARD F. JOSLYN, R. S. WILLIAMS, THOMAS L. DWYER, H. J. ECTOR, P. E. COIL, J. F. HARRISON, W. K. McCALL, R. LEE ALFORD, W. W. BLAND, S. C. ADAMS, ERNEST S. GANTT and MISSOURI STATE MEDICAL ASSOCIATION, Appellants, and H. I. NESHEIM, K. D. SWAN, H. A. GORRELL, R. W. VAN WYNGARDEN, HELEN A. ROHWEDER, JOHN A. OWENS, J. H. DOUGHERTY, R. L. MARSHALL, R. B. BAISE and MISSOURI OSTEOPATHIC ASSOCIATION, Respondents, No. 42459—245 S. W. (2d) 885.

Court en Banc, January 14, 1952.

Rehearing Denied, February 11, 1952.

*George P. Adams* for plaintiffs-appellants C. R. Stribling et al.

*Bradley & Noble, John H. Bradley, John W. Noble* and *Lawrence L. Bradley* for appellant Medical Doctors and Missouri Medical Association.

*Roy D. Williams, Waldo·P. Edwards, Clay C. Rogers, George Sch-wegler, Jr., Carl E. Enggas* and *Walter A. Raymond* for respondents Osteopathic Physicians and Missouri Osteopathic Association; *Rogers, Field & Gentry* and *Watson, Ess, Whittaker, Marshall & Enggas* of counsel.

998

 TIPTON, J.—The trustees of the Audrain County Hospital filed this declaratory action in the circuit court of Audrain County to determine the validity of a rule passed by that board on February 27, 1940, whereby osteopaths were excluded from practicing in that hospital. The defendants were medical physicians of that county and the State Medical Association, and the osteopathic physicians of that county and the Missouri Osteopathic Association. The trial court found that the rule passed by the board was illegal and that the osteopathic physicians were entitled to practice in the Audrain County Hospital. Both the board of trustees and the defendant medical physicians appealed from that judgment.

This hospital was organized and exists under and by virtue of sections 205.160 to 205.370, RSMo 1949. Section 205.300 reads:

"1. In the management of such public hospital no discrimination shall be made against practitioners of any school of medicine recognized by the laws of Missouri, and all such legal practitioners shall have equal privileges in treating patients in said hospital.

"2. The patient shall have the absolute right to employ at his or her own expense his or her own physician, and when acting for any patient in such hospital the physician employed by such patient shall have exclusive charge of the care and treatment of such patient, and nurses therein shall as to such patient be subject to the directions of such physician; subject always to such general rules and regulations as shall be established by the board of trustees under the provisions of sections 205.160 to 205.340."

The ultimate question to be decided is: Does the rule of February 27, 1940, excluding osteopaths from practicing in the Audrain County Hospital, contravene the provisions of the above quoted statute?

The osteopathic defendants contend that the rule in question is illegal because they are practitioners of a "school of medicine recognized by the laws of Missouri." On the other hand, the medical defendants, who are allopathic physicians, contend that when section 205.300 was originally enacted in 1917 there were five homeopathic medical schools and two eclectic medical schools in Missouri and, therefore, that only the allopathic, homeopathic and eclectic schools of medicine come within the terms of section 205.300, supra. None of the parties question the right of the medical defendants to practice in the hospital.

The medical defendants, in their pleadings and in their brief, contend that this court has jurisdiction of this appeal because section 337.010, RSMo 1949, is unconstitutional. That section reads:

"The system, method or science of treating diseases of the human body, commonly known as osteopathy, and as taught and practiced by the American School of Osteopathy of Kirksville, Missouri, is hereby declared not to be the practice of medicine and surgery within the

meaning of chapter 334, RSMo 1949 and not subject to the provisions of said chapter.''

The medical defendants contend that the above section violates article III, section 1 of our 1945 Constitution because it is an unlawful delegation of legislative power to the Kirksville school. That section reads:

''The legislative power shall be vested in a senate and house of representatives to be styled 'The General Assembly of the State of Missouri.' ''

In their brief these medical defendants say that ''the trial court should have declared said section 337.010 void and unconstitutional, insofar as it defines Osteopathy to be the method of 'treating diseases of the human body * * * as taught and practiced by the American School of Osteopathy of Kirksville, Missouri.'

''Such declaration should be made in this court, and when done, it leaves the issues to be determined upon what was commonly known as Osteopathy in 1897 [the year this statute was originally enacted].''

As previously stated, no one questions the right of the medical defendants to practice in this hospital; in fact, the medical defendants inferentially concede they do not have the exclusive right to practice in this hospital because they say the hospital act of 1917 permits homeopathic and eclectic physicians to practice in county hospitals. These county hospitals are erected and maintained by taxes and are primarily for the benefit of the sick and injured of the county in which they are located.

We are unable to see where these medical defendants are directly affected by the Osteopathic Act of 1897.

In the case of Citizens Mut. Fire & Lighting Ins. Soc. v. Schoen, 93 S. W. 2d 669, l. c. 670, we said:

''And, it appears to be well settled in this state that before one may raise a constitutional issue his constitutional rights must be directly affected. State ex rel. v. McIntosh, 205 Mo. 589, 602 et seq., 103 S. W. 1078, 1082, stating: 'The sum of the matter is, not that his neighbor is hurt, but that a litigant himself must be hurt by the unconstitutional exercise of power before he may vex the judicial ear with complaints.' State v. Kramer (Mo. Sup.) 222 S. W. 822, 824[5]; In re Tartar, 278 Mo. 356, 364, 213 S. W. 94, 96[2]; Stouffer v. Crawford (Mo. Sup.) 248 S. W. 581, 585[4], citing cases; State v. Williams (Mo. App.) 266 S. W. 484, 486[1].''

In the case of State ex rel. Police Retirement System of City of St. Louis v. Murphy, 359 Mo. 854, 224 S. W. 2d 68, l. c. 71, we said:

''The rule is well settled that a person may not urge the unconstitutionality of a statute in the absence of showing injury. A person may question the constitutionality of a statute only when it is applied to his disadvantage.''

In the case of Kingshighway Presbyterian Church v. Sun Realty Co., 324 Mo. 510, 24 S. W. 2d 108, l. c. 111, we said:

"Litigants will not be permitted to attack the constitutionality of a statute or ordinance which does not impinge upon their existing vested rights. The ordinance, if retroactive, would not disturb any vested right of defendant, because on the effective date of the ordinance it had no vested right to either build or operate the filing station at the place in question, and for that reason is not in a position to challenge the constitutionality of the ordinance on the ground that it invades vested rights. Ordelheide v. Modern Brotherhood, 226 Mo. 203, 125 S. W. 1105, 32 L. R. A. (N. S.) 965; Greene County v. Lydy, 263 Mo. 77, 98, 172 S. W. 376, Ann. Cas. 1917C, 274; Gould v. Railroad, 315 Mo. 713, 730, 290 S. W. 135. Statutes or ordinances are assumed to be valid until some one whose rights are injuriously affected complains. Ordelheide v. Modern Brotherhood, supra, 209, 210 of 226 Mo., 125 S. W. 1105, 32 L. R. A. (N. S.) 965. Since defendant is not in a position to raise the constitutionality of the ordinance, it is the same as if not raised at all."

In the case of Sheehan v. First National Bank in St. Louis, 346 Mo. 227, 140 S. W. 2d 1, l. c. 4, we said:

"It is sufficient to say that, if plaintiff [a public administrator] does in fact raise any constitutional questions, by these allegations of his petition, see State ex rel. Volker v. Kirby, Mo. Sup., 136 S. W. 2d 319, the facts stated show that he is in no position to do so. This is because he was only indirectly affected by the future operation of Sec. 273, and never had any vested rights in the property of this estate or to administer upon it. His authority to ever do so, in any case, came from the Legislature, which created his office; and the Legislature could certainly change it or take it away, in whole or in part, as to future estates or rights coming into existence after it did so. See Citizens Mut. Fire & Lightning Ins. Soc. v. Schoen, Mo. Sup., 93 S. W. 2d 669; State ex rel. Equality Sav. & Bldg. Assn. v. Brown, 334 Mo. 781, 68 S. W. 2d 55, and cases cited; Kingshighway Presbyterian Church v. Sun Realty Co., 324 Mo. 510, 24 S. W. 2d 108; State ex rel. Missouri State Board of Agriculture v. Woods, 317 Mo. 403, 296 S. W. 381; and the many other cases cited in 7 Mo. Digest Constitutional Law, pp. 254-257, key 42. The enactment of Sec. 273 was such a change as to plaintiff's authority by limiting the situations in which it could be exercised.

"Likewise, as shown by these authorities, plaintiff cannot raise objections, based upon violation of the Constitutional provision for uniform procedure in probate courts (Sec. 35, Art. 6, Const. of Mo.) on the ground that this adversely affects the interests of resident creditors, *because he is not a creditor and is not directly affected by the provisions, of Sec. 273, with regard to creditors.* Neither could he be heard to complain as to the effects of this section upon the col-

lection of city, school or state taxes on the property of this estate, or the estate of other nonresident decedents, *since he is neither a tax collector nor charged with any duties with regard to collecting these taxes.* Sec. 273 puts the burden upon the foreign representative of the estate to make a showing 'satisfying such probate court [not the public administrator] that all amounts due to this state on account of taxes have been paid.' It is, therefore, immaterial so far as plaintiff's rights are concerned where the situs of this property is for purposes of taxation." (Italics ours.)

In our very recent case of State of Missouri, at the relation of the State Board of Mediation v. Elmer L. Pigg, Comptroller of the State of Missouri, No. 42,660, 362 Mo. 798, 244 S. W. (2d) 75, we said:

"In considering the alleged unconstitutionality of Chapter 295, it must be remembered that, 'Only such persons as are in some way prejudiced by an unconstitutional law can complain of it.' State v. Seebold, 192 Mo. 720, 731, 91 S. W. 491; State ex rel. Wiles v. Williams, 232 Mo. 56, 64-71, 133 S. W. 1, and cases cited. 'Ordinarily a public officer may not question the constitutionality of a statute as a defense to mandamus to compel him to perform a ministerial duty.' State ex rel. S. S. Kresge Co. v. Howard, 357 Mo. 302, 208 S. W. (2d) 247, 249. The reason being that he has no greater interest than that of any other citizen in the constitutional questions which he invokes. State ex rel. Wiles v. Williams, supra, 232 Mo. 56, 64, 133 S. W. 1; State ex rel. Thompson v. Jones, 328 Mo. 267, 41 S. W. (2d) 393, 396."

We are unable to see where the medical defendants are directly affected by the Osteopathic Act of 1897. They have no greater interest than other citizens in the constitutional questions these defendants invoke. Since these defendants are not in a position to raise the question of the constitutionality of this statute, it is the same as if not raised at all and, of course, would not give this court jurisdiction of this appeal.

The board of trustees say that this court has jurisdiction of this appeal because the osteopathic defendants raise a constitutional question in their first amended answer. This is true and it is as follows:

"* * * that if said rule now in force in said Audrain County Hospital, excluding all osteopathic physicians and surgeons and their patients from said hospital, is continued, public money would be devoted to private use and thus would be violative of Article 3, Section 40 and Subsection 28 of the Constitution of the State of Missouri, adopted in the year, 1945, and also would be violative of Article 6 of Section 23 of the Constitution of the State of Missouri adopted in 1945 by reason of the fact that the osteopathic physicians and surgeons and their patients would be excluded from said hospital and thus a grant of public money would be made to a favored class."

However, the osteopathic defendants as respondents did not appeal from any ruling of the trial court; no such issue is now made in any brief in this case. If a constitutional question is timely raised in the trial court but is not briefed, this court will deem such question abandoned. Bankers' Mortgage Co. v. Lessley, 31 S. W. 2d 1055, 1. c. 1058. In ruling that case we quoted with approval the following from Brown v. MK&T Ry. Co., 175 Mo. 185, 188, 74 S. W. 973,.974:

"But in order that the case can involve a constitutional question, the protection of the Constitution must be timely and properly invoked in the trial court, and *that protection must have been denied to the party invoking it by that court, and such party must have been the losing party in the trial court, and proper exception saved to the ruling of the trial court."* (Italics ours.)

Under these circumstances, the constitutional question raised by the osteopathic defendants does not vest jurisdiction in this court.

The board of trustees say in their brief that "the constitutionality of Section 205.300 RSMo as interpreted by plaintiff-appellants is involved." We do not believe any such question is directly raised in this record. However, if it is, that does not give this court jurisdiction because a statement that a statute is unconstitutional if given an alleged construction is insufficient to raise a constitutional question. Commercial Bank of Jamesport v. Songer, 62 S. W. 2d 903.

In the case of Bealmer v. Hartford Fire Ins. Co., 281 Mo. 495, 220 S. W. 954, 1. c. 957, we said:

"It thus appears that it is not the validity of the statute but the validity of the trial court's construction of the statute, which is attacked on the grounds of unconstitutionality. Granting (without deciding) that the trial court's construction was wrong, and granting (also without deciding) that, as thus wrongly construed, that section would be unconstitutional, does that state of affairs so introduce a constitutional question into this case as to bestow upon this court a jurisdiction which it would not otherwise have? We do not think so. We have decided many times that it does not."

We hold this alleged ground of jurisdiction is without merit.

The board of trustees contend we have jurisdiction of this appeal because "the Audrain hospital, a political subdivision of the State of Missouri, as such, is a party." In the case of John O'Brien Boiler Works Co. v. Third National Bank of St. Louis, 282 Mo. 670, 222 S. W. 788, 1. c. 789, we said:

"It cannot be said with any degree ▮▮▮ of reason that a state hospital is in any sense a political subdivision of the state, nor that its managers are state officers. They are appointive administrative officials, clothed with such limited power, both as to its nature and extent, as is defined under article 6 of chapter 19, R. S. 1909. Moreover, they did not seek and were not granted leave to intervene as individuals, but in their quasi corporate capacity as a board. Thus

appearing, a review of the claim made involves no jurisdiction of this court.''

If State Hospital No. 1 is not a political subdivision, it must follow that the Audrain County Hospital is not a political subdivision of the state.

From what we have said, it follows that we are without jurisdiction of this appeal and it should be transferred to the St. Louis Court of Appeals. It is so ordered. All concur except *Hollingsworth, J.,* not sitting.