Harold F. MARSHALL and Eva Marshall, Appellants,

v.

CITY OF GLADSTONE, Missouri, and Everett H. Smith, Paul Degenhardt, Joseph Simms, Roy L. Van Riper and Elmer Rosenbaugh, Members of the Counsel of the City of Gladstone, Missouri, Respondents.

No. 50341.

Supreme Court of Missouri,

Division No. 2.

July 13, 1964.

Virgil Conkling, Milton S. Broome, Conkling & Broome, Kansas City, for appellants.

Thomas F. Eagleton, Atty. Gen., J. Gordon Siddens, Asst. Atty. Gen., Jefferson City, William W. Shinn, Mari W. Privette, Kansas City, for respondents, Shook, Hardy, Ottman, Mitchell & Bacon, Kansas City, of counsel.

STOCKARD, Commissioner.

This is an appeal by plaintiffs from the judgment of the trial court dismissing their petition for failure to state a claim upon which relief can be granted. If this court has jurisdiction of this appeal it is only because the petition properly and sufficiently alleges facts which present an issue involving the construction of the Constitution of the United States or this state within the meaning of Section 3, of Article V, Constitution of Missouri, V.A.M.S.

Plaintiffs allege that in 1959 they were assured by the "elected and appointed" officials of the City of Gladstone that certain premises could be used for the operation thereon of a beauty shop even though the premises were located in an area zoned R–1 for dwelling houses where the operation of a beauty shop was not authorized. Relying on said representations, plaintiffs purchased the property and expended money to convert it for use as a beauty shop. They have since operated a beauty shop thereon and have obtained the required annual occupational license issued by the city. In 1963 plaintiffs sought to sell the premises to another to be used as a beauty shop, and the officials of the city notified plaintiffs that the buyer "would not be licensed to operate a beauty shop on the premises unless plaintiffs undertook to rezone said premises from its present R–1 or residential classification to a C–1 or light commercial classification." Plaintiffs sought to have the premises rezoned but the city council refused to do so. Plaintiffs then allege that due to the "increasingly commercial characteristics" of the premises and of the adjacent area the sale of the premises as "solely residential property" would result in the loss of "a portion of plaintiffs' original purchase price in addition to plaintiffs' subsequent investments to utilize such as a beauty shop." Plaintiffs also allege that in 1959 and at present "a number of citizens

of the City of Gladstone were and are operating beauty shops on residentially zoned properties by virtue of occupational licenses issued for such premises." We note that plaintiffs do not allege that an appeal was taken from the denial by the city of their application to have the property rezoned. And they do not allege that the city has taken or threatened any action to prevent the continued use by plaintiffs of the premises for the operation of a beauty shop.

The only allegations which purport to present a constitutional question are as follows: "That by reason of the premises and the nondeleterious effect of such use of said premises on the health, safety, morals and general welfare of the community and the other stated purposes of Ordinance 280 [the zoning ordinance], the application of said ordinance relative to such use of said premises as affected by defendants' material representations, communicated to, believed by and acted upon by plaintiffs as aforesaid and plaintiffs' actual change of position in reliance thereon to their real and actual damage constitutes the infliction of an unnecessary hardship on plaintiffs so unreasonable as to constitute arbitrary and capricious interference with the basic rights of private property; denial of equal protection of the laws; and confiscation of private property for public use without compensation; all in violation of the respective provisions of the Constitutions of the United States and of the State of Missouri, to wit: the 14th Amendment to the former, and Article I, Section 10 of the latter." Plaintiffs pray for a declaration that they "may lawfully use and sell and convey said premises for continued use as a beauty shop, and that the City of Gladstone be enjoined from prohibiting "the continuing use of said premises as a beauty shop" by plaintiffs and their successors in title.

■ In their brief to this court plaintiffs make two contentions which they assert present a constitutional question. Those are the only ones we need consider because those not presented in a point in the brief are considered abandoned. State v. Brookshire, Mo., 325 S.W.2d 497; Stribling v. Jolley, 362 Mo. 995, 245 S.W.2d 885. The two contentions are (1) that the "application of the provisions of Ordinance 280 to the use of appellants' property as a beauty shop does not bear a substantial relation to the public health, safety, morals or general welfare and accordingly constitutes deprival of property without due process of law in contravention of the Fourteenth Amendment of the Constitution of the United States and Article I, Section 10, of the Constitution of Missouri," and (2) the application of the zoning ordinance to the use of only appellants' property "while permitting and fostering all and several known identical violations constitutes a denial of equal protection of the law in contravention of the Fourteenth Amendment of the Constitution of the United States."

■ "A litigant may not invoke the jurisdiction of this court by simply inserting in a pleading in the form of legal conclusions some assertions that a violation of the Constitution has occurred." Goodson v. City of Ferguson, Mo., 339 S.W.2d 841, 845. He must allege facts which present an issue involving the construction of the Constitution of the United States or of this state within the meaning of Section 3, Article V, Constitution of Missouri. There is, in fact no allegation in the petition that plaintiffs were denied due process of law, even in the form of a legal conclusion, and a constitutional question pertaining to due process may not be injected into case for the first time in the points relied on in the brief of appellant. In any event, the point in the brief is insufficient to present an issue calling for the construction of the due process clause in either the Constitution of the United States or the Constitution of Missouri. What plaintiffs really contend is that the city erroneously refused to change the zoning of their property to permit its unlimited use for the operation of a beauty

shop. It is not necessary to construe any constitutional provison to determine that issue, if it is subject to determination in this proceeding. It has repeatedly been held that from the fact an act or a judgment is erroneous it does not necessarily follow that there has been a denial of due process of law. State ex rel. Missouri-Kansas-Texas Railroad Company v. Public Service Commission, Mo., 378 S.W.2d 459, 463. We necessarily conclude that there are no allegations of fact in the petition which present an issue calling for the construction of the due process clause of either the Constitution of the United States or the constitution of this state, and that in any event the point in the brief does not present such an issue. See Wrigley Properties, Inc. v. City of Ladue, Mo., 369 S.W.2d 397; State ex rel. Doniphan Telephone Co. v. Public Service Commission, Mo., 369 S.W.2d 572; McClard v. Morrison, Mo., 273 S.W.2d 225.

■ We also conclude that there are no facts alleged in the petition presenting an issue of equal protection of law. The allegation there is nothing more than a conclusion and is not to be considered. State ex rel. Houser v. St. Louis Union Trust Co., Mo., 248 S.W.2d 592, 595; State ex rel. and to use of Smith v. Sevier, Mo., 92 S.W.2d 102; Goodson v. City of Ferguson, supra, 339 S.W.2d at p. 845. In the point in their brief plaintiffs assert that the acts of the city in permitting violations of the zoning ordinance by others while enforcing the ordinance as to them constitutes a denial of equal protection of law. It is questionable that plaintiffs may complain of this on the basis that they are being denied equal protection of law, but this is an issue we need not, and therefore do not, decide. Appellants' complaint is not that they are being prohibited from operating their beauty shop while others are permitted to do so. Their complaint is that their prospective buyer will not be permitted to operate a beauty shop at the premises. They do not allege facts which show that the buyers of other properties being oper-

ated in violation of the zoning ordinance are permitted to continue the operation, and therefore plaintiffs do not allege any facts which if true would show that they are being subjected to a treatment different from that applied to other violators of the zoning ordinance.

We conclude that there are no allegations of fact in the petition which, if true, present any issue involving the construction of the Constitution of the United States or this state within the meaning of Section 3, of Article V of the Constitution of Missouri, and for that reason this court does not have jurisdiction of this appeal.

This case is transferred to the Kansas City Court of Appeals.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.