STATE ex rel. David RACER, and Betty S. Racer, Plaintiffs-Relators,

v.

The Honorable Orville RICHARDSON, Special Judge of the Circuit Court of Ste. Genevieve County, Missouri, Respondent.

No. 60042.

Supreme Court of Missouri,
En Banc.

Sept. 12, 1977.

Respondent's Motion for Rehearing Denied; As Modified on Court's own Motion Nov. 14, 1977.

John W. Reid, II, Fredericktown, for plaintiffs-relators.

Robert A. Wulff, St. Louis, for respondent.

SEILER, Judge.

Relators originally brought an action as plaintiffs against defendant Ste. Genevieve County Memorial Hospital and its insurer, St. Paul Insurance Company, among others, for injuries allegedly sustained by Mrs. Racer while under a general anesthetic during a surgical procedure known as a dilation and curretage, performed in this instance to stop excessive and abnormal uterine bleeding. During the course of the operation, an electrocautery unit ignited a sponge which was being used to keep the cervix free of blood. The operating physician threw the burning sponge to the side and it landed on the surgical drape covering Mrs. Racer. The drape burst into flames causing serious burns. The hospital and its insurer filed a motion to dismiss. The trial judge indicated his intention to sustain the motion on the basis that the doctrine of sovereign immunity is the law of Missouri. Relators then sought prohibition to prevent respondent judge from sustaining the motion. Our provisional rule issued which we now make absolute.

For the reasons set forth in the case of *Jones v. State Highway Commission,* Mo., 557 S.W.2d 225, which was argued at the same time as the present case and which is being handed down this same date, we hold that the defense of sovereign immunity from tort liability is no longer available as a defense in this case.

Preliminary rule is made absolute.

BARDGETT, FINCH and RENDLEN, JJ., concur.

MORGAN, C. J., and HENLEY and DONNELLY, JJ., dissent.

With respect to immunity from suit, there is no problem because, while the statutes providing for establishment and maintenance of county hospitals are silent as to whether such hospitals can sue or be sued, § 205.160, RSMo 1969, authorizes the county court to establish public hospitals and such hospitals are operated by an elected board of trustees, five in number. See §§ 205.170, 205.180, 205.270, 205.280, RSMo 1969.

A county, even though a political subdivision of the state, is subject to suit. Section 506.150, RSMo Supp. 1975, sets forth the method of serving summons and a petition upon a county, which of course refers to the county being sued as a defendant in the case. In State ex rel. Town of Olivette v. Tel. & Tel. Co. et al., 273 S.W.2d 286, 288 (Mo.1954) it is stated that a ". . . county . . . may become a party to an action [and] suit is instituted against a county as such in its official name and character and process making the county a party in its capacity as a political subdivision of the state is had by service upon the county clerk . . . " It follows, therefore, that a county hospital, which is not a political subdivision of the state, *Stribling v. Jolley,* 362 Mo. 995, 245 S.W.2d 885, 890 (banc 1952), can also be sued and service of process can be had as authorized by § 506.150(4) upon the chief executive officer of the body.

Preliminary rule is made absolute as to sustaining motion on basis of sovereign immunity.