Dear Mr. Sharp:
This is in response to your request for an opinion on the following questions:
 1. Are county hospitals, created pursuant to Chapter 126, Article 4, RSMo, 1939, and presently operating pursuant to § 205.160 et. seq., required by the provisions of Sections 115.060 through 115.077, RSMo, 1978 to share proportionately the costs of elections held upon municipal election day as defined in § 115.121, RSMo, 1978, as amended.
 2. Are county health centers created pursuant to RSMo, § 205.010, et. seq.,
required by the provisions of § 115.160 [sic] through 115.077, RSMo, 1978 to share proportionately the costs of elections held upon municipal election day as defined in § 115.121, RSMo, 1978, as amended.
In Opinion Letter No. 174, Sharp, 1979, this office concluded that county hospitals organized pursuant to Sections 205.160 to205.340, RSMo 1978 (now, RSMo 1978 and Supp. 1982) were not "political subdivisions" or "special districts" as those terms were defined in subsections (18) and (24), respectively, of Section 115.013, RSMo 1978 (repealed), and such hospitals did not have to share election costs pursuant to Section 115.065, RSMo 1978 (repealed).
In Opinion Letter No. 219, Sharp, 1979, this office concluded that county health centers organized pursuant to Sections 205.010
to 205.150, RSMo 1978 (now, RSMo 1978 and Supp. 1982) were not "political subdivisions" or "special districts" as those terms were defined in subsections (18) and (24), respectively, of Section 115.013, as enacted by H.C.S.S.B. 275, 1979 Mo. Laws 300, 301-302, and codified at Section 115.013, RSMo Supp. 1979 (repealed), and such health centers did not have to share election costs pursuant to Section 115.065, as enacted by H.C.S.S.B. 275, 1979 Mo. Laws 300, 302, and codified at Section 115.065, RSMo Supp. 1979 (repealed).
In 1982, the General Assembly enacted H.C.S.S.B. 526, 1982 Mo. Laws 284, which repealed Sections 115.013 and 115.065, RSMo Supp. 1981, and enacted new versions of these sections. Section115.013, RSMo Supp. 1982, states in part:
 As used in sections 115.001 to 115.641, unless the context clearly implies otherwise, the following terms shall mean:
. . . ;
 (18) "Political subdivision" means a county, city, town, village, or township of a township organization county;
. . . ;
 (24) "Special district" means any school district, water district, fire protection district, hospital district, health center, nursing district, or other districts with tax authority, or other district formed under the laws of Missouri to provide limited, specific services; [Emphasis added in part.]
Section 115.065, RSMo Supp. 1982, states:
 1. Except as provided in sections 115.069, 115.071, 115.073 and 115.077, when any question or candidate is submitted to a vote by two or more political subdivisions or special districts, or except in primary and general elections by the state and one or more political subdivisions or special districts at the same election, all costs of the election shall be paid proportionally from the general revenues of the state and all political subdivisions and special districts submitting a question or candidate at the election, except that costs of publications of legal notice of elections shall not be paid proportionally. The state and each political subdivision and each special district shall pay for publication of its legal notice of election.
 2. Proportional election costs paid under the provisions of subsection 1 of this section and section 115.077 shall be assessed by charging each political subdivision and special district the same percentage of the total cost of the election as the number of registered voters of the political subdivision or special district on the day of the election is to the total number of registered voters on the day of the election, derived by adding together the number of registered voters in each political subdivision and special district submitting a question or candidate at the election except as hereinafter provided.
 3. When a question or candidate is submitted by the state, each political subdivision and special district that has taxing authority also submitting a question or candidate shall be charged the same percentage of the total cost of the election as the number of registered voters of such political subdivision or special district on the day of election, which total number shall be derived by adding together the number of registered voters in each political subdivision and special district submitting a question or candidate at the election and the number of registered voters eligible to cast ballots in the state election. The state shall pay all remaining costs in the manner provided in section 115.077. [Emphasis added and revisor's note omitted.]
Section 115.121.3, RSMo 1978, states:
 The election day for the election of political subdivision and special district officers shall be the first Tuesday in April each year; and shall be known as "municipal election day". [Emphasis in original.]
It is the opinion of this office that county hospitals organized pursuant to Sections 205.160 to 205.340, RSMo 1978 and Supp. 1982, are not "special districts" under Section 115.013(24), RSMo Supp. 1982. County hospitals are not hospital districts. Hospital districts are organized pursuant to the Hospital District Law, Chapter 206, RSMo 1978 and Supp. 1982. County hospitals are not districts with tax authority. The governing bodies of the counties, not the boards of trustees of the county hospital, levy county hospital taxes. Sections 205.200 to 205.210, RSMo 1978. County hospitals are not districts formed under the laws of Missouri to provide limited, specific services. County hospitals are instrumentalities of the counties, not separate political subdivisions or districts. See Opinion Letter No. 174, Sharp, 1979; Stribling v. Jolley, 362 Mo. 995, 245 S.W.2d 885 (banc 1952), appeal transferred, 241 Mo. App. 1123, 253 S.W.2d 519
(1952).
The General Assembly has expressly provided for the formation of hospital districts in Chapter 206, RSMo 1978 and Supp. 1982. We are of the opinion that only such hospital organizations as are organized and operate pursuant to the provisions of Chapter 206, RSMo 1978 and Supp. 1982, are "hospital districts" for purposes of Section 115.013(24), RSMo Supp. 1982. Therefore, a county hospital operating pursuant to Sections 205.160 to 205.340, RSMo 1978 and Supp. 1982, is not a "special district", as that term is defined in Section 115.013(24), RSMo Supp. 1982.
For the reasons outlined in our response to your first question, we are of the opinion that county health centers organized pursuant to Sections 205.010 to 205.150, RSMo 1978 and Supp. 1982, are "health centers" under Section 115.013(24), RSMo Supp. 1982. Accordingly, Opinion Letter No. 219, Sharp, 1979, is withdrawn.
CONCLUSIONS
It is the opinion of this office that:
(1) County hospitals organized pursuant to Sections 205.160
to 205.340, RSMo 1978 and Supp. 1982, are not "special districts" under Section 115.013(24), RSMo Supp. 1982, and do not share election costs under Section 115.065, RSMo Supp. 1982; and
(2) County health centers organized pursuant to Sections205.010 to 205.150, RSMo 1978 and Supp. 1982, are "special districts" under Section 115.013(24), RSMo Supp. 1982, and do share election costs pursuant to Section 115.065, RSMo Supp. 1982.
Very truly yours,
 JOHN ASHCROFT Attorney General