Dear Mr. Grewach:
This opinion is in response to your question asking:
 The County Commissioners have requested me to seek an opinion from your office to determine whether or not the funds remaining in the Debt Service Fund now that the debt has been retired, would be returned to the General Revenue of the County or the General Revenue Account of the Political Subdivision, the Hospital.
We presume the bonds to which your question refers are general obligation bonds issued by the county as authorized by Section 205.160, RSMo 1986, for hospital purposes. Section205.160, RSMo 1986, provides:
 205.160. Establishment and maintenance of hospitals — bonds. — The county commissions of the several counties of this state are hereby authorized, as provided in sections 205.160 to 205.340, to establish, construct, equip, improve, extend, repair and maintain public hospitals, and may issue bonds therefor as authorized by the general law governing the incurring of indebtedness by counties.
Section 108.180, RSMo 1986, sets forth the procedure for handling any excess money once the indebtedness has been paid. This statute provides, in pertinent part:
 108.180. Bond issue — funds kept separate. — . . . any bonds or money remaining in the interest and sinking fund of any such county, city, incorporated town or village, school district, or other political corporation or subdivision of the state, after the extinction of the indebtedness for which such bonds were issued, shall be paid into the general revenue fund of such county, city, incorporated town or village, or other political corporation or subdivision, and into the building fund of such school district.
As stated in the above-cited statute, remaining moneys are to be paid into the general revenue fund of either the county or the appropriate political subdivision. The issue then becomes whether the county hospital constitutes a political subdivision within the meaning of this statute.
The Missouri Supreme Court has held that a county hospital is not a political subdivision of the State for purposes of jurisdiction before the court. Stribling v. Jolley,245 S.W.2d 885, 890 (Mo. banc 1952). In addition, this office has previously opined that county hospitals do not constitute political subdivisions. See Opinion Letter No. 230, Reid, 1975; Opinion No. 224, Lehr, 1975; Opinion Letter No. 174, Sharp, 1979; and Opinion No. 113-83. A copy of each of these opinions is enclosed. Since Section 108.180 mandates the payment of this excess money to the general revenue fund of either the county or the political subdivision and since the county hospital does not meet the definition of a political subdivision, the excess money should be paid into the general revenue fund of the county. This conclusion is consistent with Opinion No. 90, Uthlaut, 1982, a copy of which is enclosed, wherein this office opined that the amendment to Section205.190, RSMo, to provide for the office of treasurer of the county hospital board of trustees does not affect the duty of the county treasurer with respect to general obligation bonds issued under Section 205.160, RSMo.
CONCLUSION
It is the opinion of this office that Section 108.180, RSMo 1986, requires that money remaining in the debt service fund after retirement of general obligation bonds issued by a county for hospital purposes be paid into the general revenue fund of the county.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Enclosures:
 Opinion Letter No. 230, Reid, 1975 Opinion No. 224, Lehr, 1975 Opinion Letter No. 174, Sharp, 1979 Opinion No. 113-83 Opinion No. 90, Uthlaut, 1982