STINE, APPELLANT, *v.* ATKINSON ET AL., APPELLEES.

(No. 6091—Decided March 9, 1942.)

*Mr. Jerome Goldman,* for appellant.
*Mr. Edward A. Schott* and *Mr. Harold M. Baron,* for appellees.

Ross, J.  This is an appeal on questions of law from a judgment of the Court of Common Pleas of Hamilton county, whereby the petition of the plaintiff was dismissed following the granting of a motion to quash service of summons upon the defendants.

As will later appear, the allegations of the petition are the controlling factors in determining whether the court had jurisdiction of the persons of the defendants.  Atkinson was served personally in Hamilton county.  Dooley was served at his residence in Hamilton county, and Searle was served personally in Franklin county.

In the petition it is alleged that the plaintiff was appointed from certified eligible lists of the state Civil Service Commission to the position of claims ex-

aminer, grade III, in the district 13 office of the Unemployment Compensation Commission, located at Cincinnati, Ohio, effective December 19, 1939, such position being in the classified civil service of the state of Ohio.

It is alleged that the defendant Atkinson occupied the position of administrator of the Bureau of Unemployment Compensation, succeeding to the functions of the Unemployment Compensation Commission; that the defendant Searle was pay-roll auditor of the commission and later of the Bureau of Unemployment Compensation, and was designated by the defendant Atkinson to act as assistant administrator, and that the defendant Dooley was the manager of the Cincinnati office of the Bureau of Unemployment Compensation.

It is then alleged in the petition that the defendants Atkinson and Searle, together with persons whose identity is unknown "entered into a conspiracy to abuse the power, authority and discretion vested in their official positions to use the Bureau of Unemployment Compensation in every way said conspirators conceived would be of advantage to the Republican Party of the state of Ohio and to promote their own personal advancement in said party."

It is then alleged that the plaintiff performed his duties in a highly satisfactory manner and at the end of the ninety-day probationary period in such position, the defendants "caused plaintiff to be dismissed from his position in the classified civil service aforesaid, on the sole real ground that plaintiff was affiliated with the Democratic Party," and it is alleged that although the defendants Atkinson and Searle knew that the "plaintiff had performed excellently in his position, in order to carry out their fraudulent scheme to rid the Bureau of Unemployment Compensation of Democrats,

knowingly, deliberately, and falsely charged plaintiff with having performed unsatisfactory work in his position and thereby fraudulently abused the discretion vested in them in their official positions.''

It is further alleged that the defendants in order to prevent plaintiff from gaining reinstatement to his position ''gave perjured testimony in a suit brought by plaintiff to gain reinstatement.''

It is then charged in the petition that by reason of such acts of the defendants ''plaintiff has been deprived of the salary of said position'' and ''that he has been put to expense of $500 in his unsuccessful efforts to gain reinstatement to said position from which he was deprived by the fraudulent and unlawful acts of the defendants aforesaid.''

The plaintiff further claims damages for injury to reputation in the sum of $15,000.

In a second cause of action, based upon the same allegations, the plaintiff prayed for punitive damages.

The motion to quash service of summons was based upon the claim that the action involved here was against public officers for acts done by them in virtue or under color of their office and that according to the provisions of Section 11271, General Code, such actions are required to be instituted in the county where the cause of action or part thereof arose, and that from the allegations of the petition it is apparent that the entire cause of action here involved arose in Franklin county, the situs of the Bureau of Unemployment Compensation and the location containing the offices of Atkinson and Searle.

Section 11271, General Code, provides in part as follows:

''Actions for the following causes must be brought in the county where the cause of action or part thereof arose: * * *

"2. Against a public officer, for an act done by him in virtue or under color of his office, or for neglect of his official duty; * * *."

It is apparent from the allegations of the petition that the suit is against public officers for acts done at least under color of their office.

In the petition the defendants' offices and duties are described. The fraud alleged was perpetrated, if at all, solely by means of their official positions. Those acts dealt with matters which they were by law required to perform. It was entirely by reason of their official positions that they were able to accomplish, if they did accomplish, the fraud charged. It is true a public officer may be held liable in damages for torts wholly independent of his office and purely personal, but he may also be personally charged with liability for wrongs perpetrated by him in and by virtue of his office. The judgment will be against him personally, it is true, but, nevertheless, he is sued as such public officer. Certainly, it cannot be asserted successfully that Section 11271, General Code, applied only to mandatory or injunctive proceedings. Its language is not so limited in effect. Any cause of action the plaintiff had accrued at the time the defendants were still public officers. Their acts could only be effective against the plaintiff while such.

This brings directly before this court the question of the situs of the cause of action.

What is a cause of action?

The clearest statement may be found in Pomeroy's Code Remedies (5 Ed.), 528, Section 347:

"* * * Every judicial action must therefore involve the following elements: a primary right possessed by the plaintiff, and a corresponding primary duty devolving upon the defendant; a delict or wrong done by the defendant which consisted in a breach of such

primary right and duty; a remedial right in favor of the plaintiff, and a remedial duty resting on the defendant springing from this delict, and finally the remedy or relief itself. Every action, however complicated or however simple, must contain these essential elements. Of these elements, the primary right and duty and the delict or wrong combined constitute the cause of action in the legal sense of the term, and as it is used in the codes of the several states. They are the legal cause or foundation whence the right of action springs, this right of action being identical with the 'remedial right' as designated in my analysis. In accordance with the principles of pleading adopted in the new American system, the existence of a legal right in an abstract form is never alleged by the plaintiff; but, instead thereof, the facts from which that right arises are set forth, and the right itself is inferred therefrom. The cause of action, as it appears in the complaint when properly pleaded, will therefore always be the facts from which the plaintiff's primary right and the defendant's corresponding primary duty have arisen, together with the facts which constitute the defendant's delict or act of wrong.''

See, also, Pomeroy's Code Remedies, 628, Section 412; 1 American Jurisprudence, 404, Section 2; 1 Corpus Juris Secundum, 984, Section 8(e).

While it may be noted in reading the text and supporting authorities constituting the environment of the section noted in the last authority that the term has varied significance according to its framing, still there is nothing involved in the instant proceeding requiring other interpretation than the general one given in the quotation from Pomeroy.

Transposing the definition to the section of the code, the requirement then is that the action must be brought against the public officer where the legal right of the plaintiff existed and its violation occurred.

What legal right did the plaintiff possess which is here involved? The right to be free from unlawful use of the defendant's power of office, the right to be free from malicious interference with the plaintiff's employment, the right to retain that employment as long as full satisfactory service was rendered the state, the right to have his civil service status continued as long as he gave satisfactory service? As is indicated in the authorities noted under our code pleading only the facts showing the existence of such legal right are alleged. The right cannot be pleaded.

What facts showing a violation of these rights are alleged? Acts of the defendants in the prosecution of the duties of their office, in representing the character of the work performed by the plaintiff as being unsatisfactory, when in truth it is alleged to have been otherwise, all causing the ultimate injury to the civil service status of the plaintiff?

It is obvious that such acts could only be effective at the office of such ultimate authority in Franklin county. No place in the petition is there alleged any act which occurred in Hamilton county.

In *State, ex rel. Stine,* v. *Atkinson, Admr. of B. U. C.,* 136 Ohio St., 72, 23 N. E. (2d), 637, the Supreme Court in considering a mandamus proceeding of the plaintiff against these same defendants held:

"Assuming relator was lawfully appointed and unlawfully dismissed as alleged, the administrator is the only person to whom a writ of mandamus may issue compelling reinstatement of the relator. Section 12283, General Code.

"The demurrer will be sustained for misjoinder of respondents and the relator will be granted 20 days in which to plead further."

Although plaintiff claims damages to his reputation, no cause of action is stated for libel as such.

As quoted from the petition, it is an action for damages for loss of employment, loss of the consequent revenue and expenses in trying to regain reinstatement, and loss of civil service status. His right was not therefore invaded until this employment was terminated. It was evidently terminated and could only be terminated by the administrator whose office is in Franklin county. It was in that county the injury occurred. Of course, the legal right was inherent in the plaintiff wherever he might be, but that is only half of the cause of action—the violation, the wrong, the loss of employment occurred when the ultimate authority in Franklin county severed the plaintiff's right to further employment by discharging him and ending his civil service status. It may be urged that some of the several acts in furtherance of the conspiracy occurred in Hamilton county. These were only effective as an injury of the plaintiff's right when his civil service status was ended, and that could only occur where the ultimate authority was located which was in Franklin county. The wrong occurred there. No part of the cause of action is located in Hamilton county.

The plaintiff did not bring his action against the defendants because they misrepresented the character of his work, he is bringing his action alleging that such acts were the proximate cause of his loss of status and, hence, of employment.

Suppose, through the negligent control of a motor vehicle in Ohio, the defendant ran into and damaged the plaintiff in Indiana. Could it be said that because the negligence occurred in Ohio which was the proximate cause of the injury in Indiana, that the cause of action arose in Ohio?

It may well be if what the plaintiff states be proved that the several acts of the defendants, of which complaint is made, were the proximate cause of the action

of the administrator, or even the civil service commission, in severing the status of the plaintiff as an employee of the state. Where these occurred is not alleged. But the effective injury, if any to the plaintiff, was not where such acts took place or where such representations were made, but where they became effective as a direct injury to the plaintiff.

These conclusions apply equally to all three defendants. Such being the case, the trial court was not in error in quashing the service of summons upon the defendants.

The judgment is affirmed.

*Judgment affirmed.*

Matthews, P. J., and Hamilton, J., concur.