FRAZIER, APPELLANT, *v.* ALUM CREST ET AL., APPELLEES.

(No. 75AP-547—Decided April 1, 1976.)

*Mr. David K. Frank* and *Mr. Philip Q. Zauderer,* for appellant.

*Mr. George C. Smith,* prosecuting attorney, and *Mr. Charles I. Cohen,* for appellees.

WHITESIDE, J. Defendant is appealing from two judgments of the Franklin County Court of Common Pleas. The first judgment was entered September 23, 1975, dismissing plaintiff's action against Alum Crest and the Franklin County Commissioners and, pursuant to Civ. R. 54(B), expressly finding no just reason for delay in entering such final judgment. Plaintiff filed a notice of appeal from that judgment on October 21, 1975. On November 3, 1975, a second judgment entry was entered, dismissing plaintiff's action against defendant Thomas Gall and again determining, pursuant to Civ. R. 54(B), that there was no just reason for delay in entering that judgment. On the same date, plaintiff filed a notice of appeal from that judgment, erroneously referring to it as having been entered October

3, rather than November 3, 1975. Unfortunately, the two appeals were not separately docketed in this court but are combined in this single appeal case.

In any event, plaintiff has raised six assignments of error in support of his appeals, as follows:

1. "The Franklin County Court of Common Pleas committed reversible error in dismissing the plaintiff-appellant's suit against the defendant-appellees on the basis of sovereign immunity, for the plaintiff-appellant has a fundamental right of access to Ohio's courts to seek redress for the grievances she sustained at the hands of a political subdivision of Ohio, which right is guaranteed by the First Amendment to the Constitution of the United States."

2. "The Franklin County Court of Common Pleas committed reversible error in dismissing the plaintiff-appellant's suit against the defendant-appellees on the basis of sovereign immunity, for the plaintiff-appellant has a fundamental right of access to Ohio's courts to seek redress for the grievances she sustained at the hands of a political subdivision of Ohio, which right is guaranteed by the Fourteenth Amendment to the Constitution of the United States."

3. "The Franklin County Court of Common Pleas committed reversible error in dismissing the plaintiff-appellant's suit against the defendant-appellees, for Ohio has no compelling state interest to lawfully justify a denial of the plaintiff-appellant's fundamental constitutionally protected right of access by the *de facto* maintenance of sovereign immunity for its political subdivisions."

4. "The Franklin County Court of Common Pleas committed reversible error in dismissing the plaintiff-appellant's suit against the defendant-appellees on the basis of sovereign immunity, for that immunity is maintained by Section 2743.01 of the Ohio Revised Code which, as construed with Section 2743.02(A), is unconstitutional in that it denies the plaintiff-appellant the equal protection of the law, guaranteed by the Fourteenth Amendment to the Constitution of the United States."

5. "The Franklin County Court of Common Pleas com-

mitted reversible error in dismissing the plaintiff-appellant's suit against the defendant-appellees on the basis of sovereign immunity, for the provision of Article I, Section 16 of the Ohio Constitution, which allegedly requires statutory consent as a prerequisite to suit against state instrumentalities, offends the Fourteenth Amendment to the Constitution of the United States, and unlawfully abridges the plaintiff-appellant's fundamental right of access to Ohio's courts."

6. "The Franklin County Court of Common Pleas committed reversible error in dismissing the plaintiff-appellant's suit against the defendant-appellees, for the cases upon which the lower court's decisions were based are distinguishable from the instant case and are, therefore, not controlling."

Plaintiff, by her complaint, alleges that she was negligently injured while a patient at Alum Crest, a nursing-medical care facility operated by the Board of Commissioners of Franklin County. Plaintiff brought her action against Alum Crest and the County Commissioners in their official capacity. In addition, plaintiff joined defendant Thomas Gall, whom she alleges was an orderly employed at Alum Crest that negligently injured her.

As to defendants Alum Crest and the Franklin County Commissioners, the controlling case is *Schaffer* v. *Bd. of Trustees* (1960), 171 Ohio St. 228, the syllabus of which reads simply, as follows:

"In the absence of statutory authorization therefor, a county or its agencies are immune from suit for negligence."

There is no statutory authorization for plaintiff to maintain an action against the county or its agencies under the alleged circumstances. This being the case, this court has no choice but to follow the *Schaffer* decision, which has been neither modified nor overruled by the Supreme Court itself, since this court is bound by and must follow decisions of the Ohio Supreme Court. *Thacker* v. *Bd. of Trustees of Ohio State Univ.* (1971), 31 Ohio App. 2d 17.

The Supreme Court has held that an action may be maintained against a municipal corporation for damages alleged to be caused by the negligence of an employee of a municipal hospital, the defense of governmental immunity not being available. *Sears* v. *City of Cincinnati* (1972), 31 Ohio St. 2d 157. However, in *Schaffer,* the Supreme Court expressly held that a county is not liable in tort to the same extent as a municipal corporation but, rather, that a county and its agencies are completely immune from suit for negligence in the absence of statutory authorization for such a suit. See, also, *Thacker, supra* at page 21. The defense of sovereign immunity is available even to a municipal corporation with respect to alleged negligence in the performance of a governmental function. *Williams* v. *Columbus* (1973), 33 Ohio St. 2d 75.

The constitutional arguments raised by the first, second, third, and fifth assignments of error have been essentially answered by the Ohio Supreme Court in *Krause, Admr.,* v. *State* (1972), 31 Ohio St. 2d 132, the fourth paragraph of the syllabus of which expressly states:

"Section 16 of Article I of the Ohio Constitution does not offend the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution."

Plaintiff attempts to phrase the issue differently by referring to "a fundamental right of access" to the courts of Ohio. Insofar as the Ohio Constitution is concerned, it is Section 16, Article I, which gives the right of access to the courts.

More importantly, plaintiff has not been denied a right of access to the courts because, as the Supreme Court has consistently held, no such right exists to sue the state or its instrumentalities, including counties and its agencies. Plaintiff seeks to have this court, in effect, overrule the many decisions of the Ohio Supreme Court holding that there is no right of access to the Ohio courts to sue the state or its instrumentalities, including counties and their agencies, unless such a right is conferred by statute.

Furthermore, the doctrine of sovereign immunity does not completely deny access to the courts to a party claim-

ed to have been injured by the negligence of an employee of the state or county. The immunity from suit afforded by the doctrine of sovereign immunity does not extend to the employee of the state whose negligent conduct has caused the injury. Such an employee is liable for his own negligence in the absence of either statutory or common law immunity. See the unreported decisions rendered in *Chapman* v. *Cooper,* No. 72AP-15, Court of Appeals for Franklin County, May 23, 1972 and *State Fish, Inc.,* v. *Nye,* No. 72AP-206, Court of Appeals for Franklin County, November 14, 1972. See also *Stine* v. *Atkinson* (1942), 69 Ohio App. 529, 532.

The issues raised by the first, second, third, and fifth assignments of error have previously been determined by the Supreme Court of Ohio, and there has been no unconstitutional denial of access to the Ohio courts. Accordingly, the first, second, third, and fifth assignments of error are not well taken.

The fourth assignment of error raises a new issue not previously disposed of by the Supreme Court, since plaintiff contends that R. C. 2743.01, as construed with R. C. 2743.02(A), is unconstitutional. Even if we were to agree with plaintiff, she still would not be entitled to maintain her action against the county agencies involved. By R. C. 2743.02(A), the state waives its immunity from liability and consents to be sued. However, as defined by R. C. 2743.01 (A), the word "state" does not include political subdivisions of the state. Accordingly, there is a clear intent of the legislature not to waive governmental immunity from liability with respect to political subdivisions, except to the extent that there are specific statutes so doing.

In effect, plaintiff seeks to have this court amend R. C. 2743.01(A) to read "it does" rather than "it does not include political subdivisions." This we cannot do.

It is quite clear that the exclusion of political subdivisions from the waiver of immunity cannot be severed from the waiver of immunity with respect to the state itself. If we were to find the statute to be unconstitutional as contended by plaintiff, then necessarily there would be no

waiver of immunity. The entire statute would have to be found to be unconstitutional, including the waiver of immunity from liability in its entirety. This would afford plaintiff no relief but would, rather, return the law to the same state that it was in prior to the enactment of R. C. 2743.01, *et seq.*

However, we find no constitutional infirmity in the statute. The waiver of sovereign immunity as to one agency or for one or more purposes has long been recognized. The situation at the time of *Krause* was that there had been a waiver of immunity with respect to some agencies and not others. In *Schaffer*, the Supreme Court discussed R. C. 305.-12, which waives the immunity of a county from liability for certain purposes but not others. See, also, *Thacker* v. *Bd. of Trustees of Ohio State Univ.* (1973), 35 Ohio St. 2d 49.

We find R. C. 2743.02(A) and 2743.01 to be constitutional and not to constitute a denial of the equal protection of the law to anyone because the state has waived immunity as to the state itself, but not political subdivisions. The extent to which the state wishes to waive sovereign immunity is a matter for the state to determine. The fact that the state waived as to some circumstances and not others does not constitute a denial of the equal protection of the law. There is a rational basis for the distinction between the state itself and political subdivisions of the state. The basic argument was rejected by the Supreme Court in *Krause*, although the statute had not at that time been enacted. Accordingly, the fourth assignment of error is not well taken.

By the sixth assignment of error, plaintiff contends that the trial court erred in dismissing her action against the defendants, since the cases relied upon by the trial court can be distinguished from this case. As to defendants Alum Crest and the Franklin County Commissioners, we find, as indicated above, no basis for distinction between the instant case and the prior decisions of the Supreme Court, particularly *Schaffer*. The trial court did not err in entering the September 23, 1975, judgment in favor of those defendants. As to those defendants and that judgment, the sixth assignment of error is not well taken.

As to the November 3, 1975, judgment, dismissing plaintiff's action as to defendant Gall, a different situation is presented. Defendant Gall was an employee of the county. The amended complaint alleges that Gall "negligently and/or recklessly and without due and proper care for the welfare of the plaintiff, and in disregard of her rights, did forcefully lift the plaintiff from her bed and sling her over his shoulder," causing injuries to plaintiff, including a severly broken left arm. For the reason set forth above with respect to other assignments of error, defendant Gall is not entitled to the protection of the sovereign immunity of the county. There is no basis before the court at this time to afford any immunity whatsoever to defendant Gall. The amended complaint states a claim for relief against him. The trial court erred in dismissing the action against Gall. As to the November 3, 1975, judgment in favor of defendant Gall, the sixth assignment of error is well taken.

For the foregoing reasons, the first five assignments of error are overruled, and the sixth assignment of error is overruled as to the September 23, 1975, final judgment in favor of defendants Alum Crest and Franklin County Commissioners. The September 23, 1975, final judgment of the Franklin County Court of Common Pleas in favor of defendants Alum Crest and the Board of Commissioners of Franklin County is affirmed, but the sixth assignment of error is sustained as to the November 3, 1975, judgment in favor of defendant Gall, and that judgment is reversed. This cause is remanded to the Franklin County Court of Common Pleas for further proceedings.

*Judgment affirmed in part and reversed in part, and cause remanded.*

HOLMES and McCORMAC, JJ., concur.