Charles P. WINSTON, Appellant,

v.

REORGANIZED SCHOOL DISTRICT R–2, LAWRENCE COUNTY, MILLER, Missouri, Respondent.

No. 62671.

Supreme Court of Missouri,
En Banc.

Aug. 2, 1982.

Susan Appelquist, J. A. Appelquist, Springfield, for appellant.

Glenn A. Burkart, Springfield, for respondent.

RENDLEN, Judge.

In plaintiff's suit for personal injuries alleging defendant School District's negligence, the trial court entered summary judgment holding that the governmental tort immunity provided by § 537.600, et seq., RSMo 1978,[1] barred relief. Plaintiff (appellant) contends the statute runs contrary to equal protection doctrine rendering it invalid under the Fourteenth Amendment to the United States Constitution, and Art. I, § 2, of the Missouri Constitution, and it is this constitutional challenge which brings the appeal within this Court's exclusive jurisdiction. Art. V, § 3, Mo.Const.

In our review of this summary judgment, we accept as true all of plaintiff's factual allegations which in pertinent part are these: On November 2, 1979, Miller High School hosted a football game at the athletic field owned and maintained by defendant school district. At defendant's request, plaintiff, a professional photographer, attended the game to take live action photographs for the Miller High School Yearbook. While photographing the game from the sidelines plaintiff sustained injuries to his left leg when struck by players who

---

1. All statutory references are to the 1978 Revised Statutes of Missouri unless otherwise indicated.

Relevant portions of the sovereign immunity statute are as follows:

§ 537.600. Such sovereign or governmental tort immunity as existed at common law in this state prior to September 12, 1977, except to the extent waived, abrogated or modified by statutes in effect prior to that date, shall remain in full force and effect; except that, the immunity of the public entity from liability and suit for compensatory damages for negligent acts or omissions is hereby expressly waived in the following instances:

(1) Injuries directly resulting from the negligent acts or omissions by public employees arising out of the operation of motor vehicles within the course of their employment.

(2) Injuries caused by the condition of a public entity's property [subject to prescribed conditions].

apparently ran out of bounds during play. He brought this action contending defendant negligently failed to warn of the impending danger or provide plaintiff a reasonably safe place to work. As above noted, the trial court entered summary judgment holding plaintiff's action was barred by sovereign immunity afforded public entities under § 537.600 et seq.

Plaintiff maintains the statute is violative of the equal protection provisions of the federal and state constitutions, in that its classifications permitting tort claims only for those whose injuries arise from a public employee's operation of a motor vehicle or the conditions of a public entity's property are: (1) arbitrary and unreasonable, (2) bear no rational relationship to the purpose for which the statute was announced, and (3) are both under and overinclusive.

■ At the outset, we address defendant's challenge to this Court's jurisdiction stemming from plaintiff's alleged failure to preserve his claims of constitutional invalidity. Defendant asserts that plaintiff's pleading filed in response to defendant's motion for summary judgment, failed to apprise the trial court of the applicable constitutional provisions or the facts on which the claims of invalidity were predicated. Such failure, defendant urges, deprives this Court of jurisdiction and mandates dismissal of the appeal. *State v. Griffin*, 339 S.W.2d 803, 806 (Mo.1960), *cert. denied*, 366 U.S. 938, 81 S.Ct. 1666, 6 L.Ed.2d 849 (1961); *State v. Merritt*, 542 S.W.2d 14, 17 (Mo.App.1976).

While it is true that plaintiff's "Reply to Defendant's Answer and Motion for Summary Judgment" alleged the unconstitutionality of § 537.600 in general terms ("violative of Plaintiff's rights to due process and equal protection"), plaintiff's "Reply Memorandum", filed sometime after the reply, but well in advance of entry of judgment, referenced the specific constitutional sections and in narrative form supplied the underlying facts with sufficient particularity to inform defendant and the trial court of plaintiff's contentions. Accordingly, because the purpose of the rule requiring that constitutional issues be raised at the earliest opportunity, to prevent surprise to the opposing party and permit the trial court an opportunity to fairly identify and rule on the issue, was served here, defendant's jurisdictional challenge is denied. *Weir v. State*, 589 S.W.2d 256 (Mo. banc 1979).

■ Turning to plaintiff's contentions, several familiar principles bear iteration. A statute is presumed constitutional and must not be held otherwise unless "clearly and undoubtedly" contravening the Constitution, *Prokopf v. Whaley*, 592 S.W.2d 819, 824 (Mo. banc 1980), and should be enforced by our courts as an expression of the people's will unless it plainly and palpably affronts the fundamental law embodied in the Constitution. *Americans United v. Rogers*, 538 S.W.2d 711 (Mo. banc 1976), *cert. denied*, 429 U.S. 1029, 97 S.Ct. 653, 50 L.Ed.2d 632. When a challenger asserts a statutory classification is violative of equal protection doctrine he must prove abuse of legislative discretion beyond a reasonable doubt, and short of that, the issue must settle on the side of validity. *Sambs v. City of Brookfield*, 97 Wis.2d 356, 293 N.W.2d 504, 511 (1980), *cert. denied*, 449 U.S. 1035, 101 S.Ct. 611, 66 L.Ed.2d 497; *Stanhope v. Brown County*, 90 Wis.2d 823, 280 N.W.2d 711, 716 (1979). It is not our province to question the wisdom, social desirability or economic policy underlying a statute as these are matters for the legislature's determination. *Brown v. Wichita State University*, 219 Kan. 2, 547 P.2d 1015, 1025 (1976), *appeal dismissed*, 429 U.S. 806, 97 S.Ct. 41, 50 L.Ed.2d 67.

■ A statute, as here, which neither touches a fundamental civil right nor involves suspect classifications will withstand an equal protection challenge if a rational basis for the legislative classification can be found. *Maran-Cooke, Inc. v. Purler Excavating, Inc.*, 585 S.W.2d 38, 41 (Mo. banc 1979); *Christophel v. Parkway School District*, 600 S.W.2d 61, 62 (Mo.App.1980). As the general purpose of the equal protection guarantees is to safeguard against invidious discrimination, differentiations between

classes, not suspect or specially protected, are permissible, unless the classification rests on grounds irrelevant to achievement of the State's objectives. *McGowan v. Maryland*, 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961); *Crane v. Riehn*, 568 S.W.2d 525, 528 (Mo. banc 1978); *Kansas City v. Webb*, 484 S.W.2d 817, 824 (Mo. banc 1972), *cert. denied*, 409 U.S. 851, 93 S.Ct. 62, 34 L.Ed.2d 93; *GEM Stores, Inc. v. O'Brien*, 374 S.W.2d 109, 115 (Mo. banc 1963); *Brown v. Wichita State University*, 219 Kan. 2, 547 P.2d 1015, 1025–30 (1976), *appeal dismissed*, 429 U.S. 806, 97 S.Ct. 41, 50 L.Ed.2d 67. It is this Court's obligation to discover, if possible, an acceptable rationale that might have influenced the General Assembly and which reasonably supports the legislative determination. *GEM Stores, Inc., supra* at 115; *McGowan, supra* at 425–26; *Sambs v. City of Brookfield*, 97 Wis.2d 356, 293 N.W.2d 504, 511–12 (1980), *cert. denied*, 449 U.S. 1035, 101 S.Ct. 611, 66 L.Ed.2d 497. Additionally, we are mindful of the oft repeated principle that, within constitutional limits, a sovereign may prescribe the terms and conditions under which it may be sued, and the decision to waive immunity, and to what extent it is waived, lies within the legislature's purview. *Sambs, supra* 293 N.W.2d at 514; *Frazier v. Alum Crest*, 48 Ohio App.2d 283 357 N.E.2d 407, 411 (1976), *appeal dismissed*, 429 U.S. 1082, 97 S.Ct. 1087, 51 L.Ed.2d 528 (1977). *See, Charles v. Spradling*, 524 S.W.2d 820, 823 (Mo. banc 1975); *Gas Service Co. v. Morris*, 353 S.W.2d 645, 655 (Mo.1962); *McGraw-Edison, Co. v. Curry*, 485 S.W.2d 175, 178 (Mo.App.1972).

After recloaking the State with the level of sovereign immunity existing prior to September 12, 1977,[2] § 537.600 expressly waives the bar as to tort claims arising from the *operation of motor vehicles* or from the condition of a *public entity's property.*

It is readily apparent the legislature intended to balance the need for protection of governmental funds against a desire to allow redress for claimants injured in limited classes of accidents. As observed by the Wisconsin Supreme Court in *Stanhope v. Brown County*, 90 Wis.2d 823, 280 N.W.2d 711, 719 (1979), we can only say our General Assembly had a rational basis to fear that full monetary responsibility for *any and all* tort claims entails the risk of insolvency or intolerable tax burdens. Our legislature must have the power to preserve public funds and insure that the State provides its citizenry appropriate services.[3] Though public funds must be available for essential governmental services, taxes must be held at reasonable levels, and limiting recovery to certain enumerated governmental torts allows for fiscal and actuarial planning consonant with orderly stewardship of governmental funds, while permitting victims of specified torts to recover for losses within the limits prescribed by § 537.610.

■ Plaintiff maintains that permitting recovery on other tort claims would *not* create an "actuarial nightmare", as the government may obtain liability insurance adequate to protect itself in such actions. Hence, the argument continues, there is no need to restrict the waiver to those functions enumerated in the statute. This contention misses the point. The rational basis test for equal protection does not require that the legislative objective be "compelling" nor the dilemma grave, nor that the legislature choose the best or wisest means to achieve its goals. Such arguments, no matter how plausible, are properly directed to the legislature, not the Court. *Crane v. Riehn*, 568 S.W.2d 525, 528–29 (Mo. banc 1978); *GEM Stores, Inc. v. O'Brien*, 374 S.W.2d 109, 117 (Mo. banc 1963); *Stanhope, supra* 280 N.W.2d at 719; *Brown v. Wichita State University*, 219 Kan. 2, 547 P.2d 1015, 1025 (1976), *appeal dismissed*, 429 U.S. 806, 97 S.Ct. 41, 50 L.Ed.2d 67.

---

**2.** September 12, 1977, is the date this Court rendered its opinion in *Jones v. State Highway Commission*, 557 S.W.2d 225 (Mo. banc 1977), abrogating judicial sovereign immunity effective August 15, 1978.

**3.** This purpose of protecting the sovereign's financial integrity may be observed in the subsequent sections of the sovereign immunity subchapter which limit amounts recoverable and provide for insuring against liability.

■ It appears rationally desirable to refrain from opening the floodgates to tort claims arising from any and all governmental functions, most of which are deemed by our legislature as requiring the cloak of immunity. A variety of such claims are found in the cases which inspired enactment of the statute in question. *See*, (1) *Jones v. State Highway Commission*, 557 S.W.2d 225 (Mo. banc 1977) (state highway design defect); (2) *Wheeler v. St. Clair County Hosp. Dist. No. 1*, 557 S.W.2d 233 (Mo. banc 1977) (county hospital fire causing death); (3) *State ex rel. Racer v. Richardson*, 557 S.W.2d 235 (Mo. banc 1977) (medical malpractice by employees of county hospital). It is not unreasonable to blanket governmental agencies with sovereign immunity yet carve statutory exceptions as to specified governmental functions, especially when the statute, through its clarity, avoids most questions as to the type of actions that may be maintained, freeing the governmental unit of expending resources in litigating a variety of procedural issues. *See, State ex rel. Allen v. Baker*, 581 S.W.2d 818, 824 (Mo. banc 1979). Additionally, while insurance may or may not be available at a reasonable cost to protect from other risks, the governmental unit is better able to plan and shelter itself from liability stemming from the statutorily delineated exceptions. Care can be taken in the selection and supervision of persons authorized to operate motor vehicles and detailed plans developed to control their use. Similar care may be exercised as to persons who maintain the public entities' property, and once on notice of a dangerous condition, remedial action may be undertaken to correct it. *Sambs v. City of Brookfield*, 97 Wis.2d 356, 293 N.W.2d 504, 514 (1980), *cert. denied*, 449 U.S. 1035, 101 S.Ct. 611, 66 L.Ed.2d 497. We conclude the statutory classifications are rationally related to the statute's objectives.

■ Plaintiff finally asserts that the statute's waiver provisions violate equal protection guarantees in that they are (1) underinclusive of its goal to compensate injured victims, by excluding persons situated as plaintiff from recovery, and (2) over inclusive in its purpose to protect the public treasury, by including claims of seriously injured victims with a potential for large recovery and yet allowing small and sometimes "frivolous" claims.

The underinclusive argument is simply another way of stating the "rational relationship" contention heretofore disposed of and requires little further discussion. The mere exclusion of persons situated as plaintiff from the classes of victims entitled to recovery (underinclusive) does not alone render the legislative scheme invalid. *Crane v. Riehn*, 568 S.W.2d 525, 529 (Mo. banc 1978); *GEM Stores, Inc. v. O'Brien*, 374 S.W.2d 109, 117 (Mo. banc 1963). The contention of overinclusiveness is similarly without merit. In its objective to protect a public entity's financial stability, the sovereign immunity subchapter permits the procurement of insurance protection and limits the dollar amount recoverable in any occurrence, thus accomplishing its goal to protect the public treasury. Though a purpose of the statute *may* be to compensate severely injured claimants, we fail to see how permitting small as well as large claims, as plaintiff contends, thwarts this goal. Neither, as plaintiff suggests, does the mere dollar size of a claim render it "frivolous".

In upholding Missouri's sovereign immunity statute against equal protection challenges, we find persuasive the decisions of other states confirming similar statutes in the face of like claims. The Wisconsin Supreme Court in *Sambs v. City of Brookfield*, 97 Wis.2d 356, 293 N.W.2d 504 (1980), *cert. denied*, 449 U.S. 1035, 101 S.Ct. 611, 66 L.Ed.2d 497, upheld statutes imposing a dollar limit on recovery for damages because of highway defects but no restrictions on recovery for damages sustained in motor vehicle accidents, against equal protection claims. In *Picariello v. Commonwealth*, 54 Pa.Cmwlth. 252, 421 A.2d 477 (1980), a sovereign immunity statute permitting recovery if the injury was caused by one of eight

enumerated torts, was held not violative of equal protection guarantees.[4]

Plaintiff has failed to carry his burden of demonstrating it is arbitrary or invidious for the legislature to limit recovery by victims of public torts to those injured by negligent operation of motor vehicles or because of the dangerous condition of property. The order of the trial court granting summary judgment for defendant is affirmed.

All concur.

---

**4.** *See also, Frazier v. Alum Crest,* 48 Ohio App.2d 283, 357 N.E.2d 407 (1976), *appeal dismissed,* 429 U.S. 1082, 97 S.Ct. 1087, 51 L.Ed.2d 528 (1977); *Brown v. Wichita State University,* 219 Kan. 2, 547 P.2d 1015 (1976), *appeal dismissed,* 429 U.S. 806, 97 S.Ct. 41, 50 L.Ed.2d 67; *Stanhope v. Brown County,* 90 Wis.2d 823, 280 N.W.2d 711 (1979). We are also mindful of cases cited by plaintiff invalidating the sovereign immunity statutes of sister states. *Harvey v. Clyde Park District,* 32 Ill.2d 60, 203 N.E.2d 573 (1965); *Flax v. Kansas Turnpike Authority,* 226 Kan. 1, 596 P.2d 446 (1979); *Jenkins v. State,* 85 Wash.2d 883, 540 P.2d 1363 (banc 1975). The statutes in those cases, however, classified based on the governmental unit involved, without regard to the function performed, and as such, differ from § 537.600, et seq. Even so, compare *Brown v. Wichita State University, supra,* and *Frazier v. Alum Crest, supra.*