### State v. Hale
*[Cite as 2 AOA 545]*

*Case No. 89AP-812*
*Franklin County, (10th)*
*Decided March 13, 1990*

*R.C. 124.15*
*R.C. 2743.16*
*R.C. 4112.03*
*Civ. R. 37*

*Mr. Anthony J. Celebrezze, Jr., Attorney General, Ms. Nancy J. Miller and Ms. Nancy Johnston, for Plaintiffs-Appellees.*

*Liggett Pelanda Co., L.P.A., and Mr. Kevin Pelanda, for Defendants-Appellants.*

YOUNG, J.

This matter is before this court upon the appeal of Anna C. Ellis, Alyce Lucas and Robert D. Brown, appellants, from a decision and entry of the Ohio Court of Claims granting summary judgment in favor of appellees, State of Ohio et al.

Pursuant to his statutory responsibilities to conduct regular audits of all state agencies, the Auditor of State reviewed the finances and records of the Ohio Civil Rights Commission (hereinafter "OCRC"). On January 21, 1986, the auditor issued his report of examination which covered the period July 1, 1981 through March 30, 1985. The report contained certain "Findings for Recovery," by which the auditor found that the Chairman of the OCRC, Phale D. Hale, and Commissioners Anna C. Ellis and Alyce Lucas had received excess compensation. The auditor also found that Commissioner Ronald C. Morgan received excess compensation by way of a raise in salary which the auditor found to be illegal. On June 9, 1986, the auditor issued a Report of Special Investigation covering the pay period April 13, 1985 through March 15, 1986. The report made additional findings against Phale D. Hale, Anna C. Ellis and Alyce Lucas, on the basis that they had received excess compensation. Furthermore, the report found that the Executive Director of the OCRC, Robert D. Brown, was jointly and severally liable for the overpayments contained in the second report.

On April 29, 1986, the instant action was commenced in the Franklin County Court of Common Pleas. Anna C. Ellis filed a counterclaim and a petition for removal of the action to the Ohio Court of Claims, which petition was granted. Thereafter, the parties prosecuted their causes of action by presenting the court with depositions, affidavits, answers to interrogatories and legal arguments. Appellees

filed a "Motion for Summary Judgment," which was granted. Thereafter, appellants Ellis, Lucas and Brown perfected their appeals to this court[1]. Appellants raise the following assignments of error:

"I. THE TRIAL COURT ERRED IN GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANT-APPELLANTS ANNA C. ELLIS, ALYCE LUCAS, AND ROBERT BROWN.

"II. THE TRIAL COURT ERRED IN FAILING TO REQUIRE THE JOINDER OF THOMAS FERGUSON, STATE AUDITOR, AND D.A.S. DIRECTOR, WILLIAM SYKES, AS INDISPENSABLE PARTY DEFENDANTS.

"III. THE TRIAL COURT ERRED IN GRANTING JUDGMENT AGAINST DEFENDANT ROBERT BROWN ON THE BASIS OF NEGLIGENT PERFORMANCE OF DUTY.

"IV. THE COURT ERRED IN FAILING TO GRANT SANCTIONS AGAINST THE STATE FOR FAILING TO COMPLY WITH DISCOVERY .

"V. THE COURT ERRED IN GRANTING SUMMARY JUDGMENT OF DISMISSAL OF THE COUNTERCLAIM OF DEFENDANT ANNA C. ELLIS.

"VI. THE TRIAL COURT ERRED IN DISMISSING APPELLANTS' THIRD PARTY COMPLAINT AGAINST WILLIAM SYKES AND THOMAS FERGUSON DUE TO R.C. 2743.02 BECAUSE THIS STATEMENT IS UNCONSTITUTIONAL."

By entry dated December 1, 1989, this court granted appellants' motion for leave to withdraw their sixth assignment of error.

Appellants' first, third, and fifth assignments of error pertain to the propriety of the trial court's decision to grant summary judgment in favor of appellees and against appellants.

Summary judgment, Civ. R. 56, is a procedural device designed to terminate litigation and to avoid a formal trial where there is nothing to try. It must be awarded with caution, resolving all doubts and construing evidence against the moving party, and granted only when it appears from the evidentiary material that reasonable minds can reach only an adverse conclusion as to the party opposing the motion. See *Norris* v. *Ohio Std. Oil Co.* (1982), 70 Ohio St. 2d 1.

Pursuant to Civ. R. 56(C), summary judgment may be rendered where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Summary judgment may not be rendered unless it appears that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom this motion is made.

The moving party has the burden of showing that there is no genuine issue as to any material fact as to the critical issues. The opposing party has a duty to submit affidavits or other material permitted by Civ. R. 56(C) to show a genuine issue for trial. See *Harless* v. *Willis Day Warehousing Co.* (1978), 54 Ohio St. 2d 64.

In the first assignment of error, appellants contend that the trial court erred in granting summary judgment against appellants Ellis and Lucas. Appellants argue that the Director of Administrative Services has discretion in setting the method and rate of pay of commissioners and that he exercised that discretion.

The claims brought against the commissioners derive from a legislative enactment which changed R.C. 4112.03. The statute formerly provided, and in fact now provides, as follows:

"Each number of the commission shall be paid a *salary* fixed pursuant to division (J) of section 124.15 of the Revised Code *plus necessary and actual expenses while traveling on business of the commission.*" (Emphasis added)

Effective November 14, 1981, the amended version of that statute provided that the OCRC Commissioners were to be paid as follows:

"Each member of the commission shall receive compensation pursuant to division (J) of section 124.15 of the Revised Code *for those days that they have regular or special meetings* plus necessary and actual expenses while traveling on business of the commission." (Emphasis added.)

Clearly, the legislature intended that the commissioners were to be paid in a different manner than they had previously been paid. Before the 1981 amendment to R.C. 4112.03, commissioners were to be paid a salary. However, after the amendment, commissioners were to be paid per meeting day.

Appellants argue that R.C. 124.15(J) provides the Director of Administrative Services with discretion to fix the rate and method of pay as he sees fit. R.C. 124.15(J) provides as follows:

"The director of administrative services with the approval of the state employee compensation board shall establish the rate and

method of payment for members of boards and commissions."

However, contrary to appellants' argument, R.C. 124.15(J) does not give the Director of Administrative Services unlimited discretion. R.C. 124.15(A) delineates the rate of pay for both salaried and hourly employees within each pay classification. According to the personnel action forms and the payroll printouts placed in the record, classification of appellant commissioners was "62213" and their pay range was "44." R.C. 124.15(A) provides the following range of pay for an employee classified under range 44:

"1. An *hourly* employee would earn a minimum of "$13.99" per hour and a maximum of "$20.87" per hour.

"2. A *salaried* employee would earn a minimum of "$29,099.29" per year and a maximum of "$43,409.60" per year.

Appellants argument that the Director of Administrative Services had discretion to pay the commissioners $447.68 per day, which would represent an hourly rate of $55.96 per hour, is completely untenable.

Accordingly, appellants' first assignment of error is not well-taken and is overruled.

In the third assignment of error, appellants argue that the trial court erred in granting summary judgment against appellant Brown on the basis of negligent performance of duty. Appellants contend that it was not the duty of appellant Brown to accurately inform the Director of Administrative Services as to the number of hours worked by commission members.

Although this court does not agree with appellants' above-stated argument, this court does agree however, that the trial court erred in granting summary judgment against appellant Brown. According to the affidavit of appellant Brown, he consulted with the Chief Deputy Auditor, James Bolder, after the initial report was issued by the auditor's office. According to appellant Brown, he was informed "*** that the term 'regular meetings' included the usual, monthly executive sessions and public meetings of the Commission. ***" (Affidavit at 1-2.) Furthermore, appellant Brown states that he was informed "*** that all of the other time spent by Commission members in preparation of meetings and engaged in Commission business including the review of hundreds of cases sent to them each month prior to the public hearings would be considered to be covered by the term 'special meetings.' ***" (Affidavit at 2.)

Appellant Brown's affidavit demonstrates that a genuine issue still remains in this case. Based upon his statements, reasonable minds cannot reach but one conclusion. The trial court erred in summarily entering judgment against appellant Brown.

Accordingly, appellant's third assignment of error is sustained.

In the fifth assignment of error, appellants contend that the trial court erred in granting summary judgment of dismissal of the counterclaim of appellant Ellis. According to appellant Ellis, she was underpaid by the state during her first term as a commissioner, which term expired in 1982.

R.C. 2743.16(A), which establishes the applicable statute of limitations for this cause of action, provides as follows:

"Subject to division (B) of this section, civil actions against the state permitted by sections 2743.01 to 2743.20 of the Revised Code shall be commenced no later than two years after the date of accrual of the cause of action ***."

The trial court concluded that the statute began to run, at the latest, in 1982, when appellant Ellis received her last pay check for her first term of office. Consequently, the trial court determined that the statute of limitations had long since run on her counterclaim. (Decision at 22.) This court agrees

Appellant Ellis tries to escape the above result by contending that every pay check which she has received since the end of her first term in the office should first be applied to the past arrearage and should then be applied to the amount owed to her for each succeeding pay period. Therefore, according to appellant Ellis, from 1981 until May 21, 1986, the state had unlawfully withheld $,16,777.86 from her compensation, and $10,066.68 this sum had accrued during periods more than one year prior to the filing of her counterclaim.

While appellant Ellis' argument is intriguing, it is not founded upon legal principles. A cause of action accrues when the right to bring an action has matured. *Stine* v. *Atkinson* (1942), 69 Ohio App. 529. In this case, the cause of action accrued on the date upon which the underpayment occurred, some time in 1982.

Accordingly, appellants' fifth assignment of error is not well-taken and overruled.

In the second assignment of error, appellants argue that the trial court erred in failing to require the joinder of the State Auditor (Thomas Ferguson) and the director of

Administrative Services (William Skyes) as indispensable party-defendants. According to appellants, if appellant Brown, as Executive Director of OCRC, is to be held individually liable for the overpayments, then so too should above-named individuals. The Director of Administrative Services was personally responsible for preparing the payroll journals and the State Auditor drew warrants on the Treasurer of the State of Ohio for all compensation paid to state employees, including OCRC commissioners, for the amounts which the state now claims were illegal.

By entry dated December 19, 1989, the trial court overruled appellant Brown's motion for judgment on the pleadings for failure to join indispensable parties. The entry included the following statement: "*** [t]he court does not find [appellant's] motion to be well-taken and the same is hereby OVERRULED notwithstanding the fact that the court is sympathetic with the argument that only one of the three persons responsible for the payroll is being sued in this action." (Entry at 2.)

Civ. R. 19(A) provides for the joinder of persons needed for just adjudication and states in pertinent part as follows:

"A person who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (a) as a practical matter impair or impede his ability to protect that interest or (b) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest ***."

An indispensable party is one whose absence seriously prejudices any party to the action or prevents the court from rendering an effective judgment between the parties, or is someone whose interests will be adversely affected or jeopardized by a judgment between the parties to the action. *Layne* v. *Huffman* (1974), 43 Ohio App. 2d 53.

Appellees' cause of action against appellant Brown is based upon the allegation that he was directly responsible for reporting and approving the number of hours entered on the payroll disbursement journals for the appellant commissioners. The state seeks to hold appellant Brown liable because he was directly responsible for approving the payroll vouchers. Neither the

State Auditor nor the Director of Administrative Services had any direct personal involvement in the alleged misreporting of hours worked by the appellant commissioners.

Appellants' second assignment of error is not well-taken and is overruled.

In the fourth assignment of error, appellants argue that the trial court erred in failing to grant sanctions the state, pursuant to Civ. R. 37(C), for failing to comply with discovery. According to appellants, because the trial court granted the motion to compel discovery and ordered the state to respond to certain requests for admissions and interrogatories, the court should have granted sanctions against the state as well.

Appellants' October 19, 1988 motion to compel discovery requested answers to interrogatories and for certain admissions. The court's entry, dated November 15, 1988, state as follows:

"[Appellant] Ellis' October 19, 1988, motion to compel discovery was opposed by [Appellee's] November 4, 1988 memorandum. The request for sanctions is DENIED as unjust in these circumstances. The motion to compel answers to interrogatories is GRANTED in limited fashion. [Appellee] must provide supplemental answers to interrogatory numbers 1,2 & 3.

"[Appellee] asserts that Civ. R. 37(A) as proffered by [Appellants] is an inappropriate vehicle to compel answers to requests for admissions. While this is technically correct, Civ. R. 36(A) is directly on point and is the source of power for this portion of this order. Pursuant to Civ. R. 36(A), [Appellee] must serve responses to [Appellants'] request for admissions numbers 1,5,8,9,15,21, & 23. ***" (Entry at 1-2.)

Pursuant to Civ. R. 33, any party may serve upon any other party written interrogatories to be answered by the party served. "*** The party submitting the interrogatories may move for an order under Rule 37 with respect to any objection to or other failure answer an interrogatory." Civ. R. 33(A).

Civ. R. 37 outlines the procedures to compel discovery and the sanctions which the trial court may impose. Civ.R. 37(A)(4) provides as follows:

"(4)*Award of Expenses of Motion.* If the motion is granted, the court shall, after opportunity for hearing require the party or deponent who opposed the motion or the party, or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees, *unless the court finds*

that the opposition to the motion was *substantially justified or that other circumstances make an award of expenses unjust.*" (Emphasis added.)

The very language of the rule indicates that the trial court has discretion in deciding whether or not to award sanctions. This court cannot say that the trial court abused its discretion in this instance.

Civ. R. 37(C) provides for expenses upon failure to admit, and states:

"(C) Expenses on Failure to Admit. If a party, after being served with a request for admission under Rule 36, fails to admit the genuineness of any documents or the truth of any matter as requested, and if the party requesting the admissions thereafter proves the genuineness of the document or the truth of the matter, he may apply to the court for an order requiring the other party to pay him the reasonable expenses incurred in making that proof, including reasonable attorney's fees. Unless the request had been held objectionable under Rule 36(A) or the court finds that there was good reason for the failure to admit or that the admission sought was of no substantial importance, the order shall be made."

In the present case, the trial court ordered appellees to respond to certain requests for admissions. However, appellants are not automatically entitled to an award of expenses. Appellants must first prove the truth of the matter, and even then, the trial court still has discretion to decide whether or not the state would have to pay appellants' expenses incurred in making that proof.

Accordingly, appellants' fourth assignment of error is not well-taken and is overruled.

Based upon the foregoing, appellants' first, second, fourth, and fifth assignments or error are not well-taken and are overruled. Appellants' third assignment of error is sustained and this matter is remanded to the trial court for further proceedings consistent with this opinion.

*Judgment affirmed in part, reversed in part and cause remanded.*

STRAUSBAUGH and FAIN, JJ., concur.

FAIN, J., of the Second Appellate District, sitting by assignment in the Tenth Appellate District.

---

[1] Phale D. Hale and Ronald D. Morgan have not appealed from the decision of the Ohio Court of Claims.