COLON, Appellant,

v.

METROHEALTH MEDICAL CENTER, Appellee.

[Cite as *Colon v. MetroHealth Med. Ctr.* (2000), 139 Ohio App.3d 957.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 77275.

Decided Oct. 30, 2000.

*Largent, Berry, Preston & Jamison Co., L.P.A., Jeffrey W. Largent* and *Kendra J. Jeske,* for appellant.

*Reminger & Reminger Co., L.P.A., Christine Reid, Brian D. Sullivan* and *Erin Stottlemyer Gold,* for appellee.

JAMES D. SWEENEY, Judge.

Plaintiff-appellant Lydia E. Colon ("Colon") appeals from the granting of summary judgment in favor of defendant-appellee-movant Metrohealth Medical Center ("hospital"). For the reasons adduced below, we affirm.

A review of the record on appeal indicates that Colon filed her complaint on May 17, 1999, alleging negligence in the form of medical malpractice. The alleged malpractice stemmed from a surgical operation performed on Colon at the hospital (formerly known as Cleveland Metropolitan General Hospital) on August 6, 1962, during which a metallic foreign object was left inside her body, but which was not discovered by Colon until May 18, 1998, when an x-ray revealed the presence of the object. The object was surgically removed on June 16, 1998.

The hospital filed its motion for summary judgment on August 16, 1999, arguing that as a county hospital it was entitled to judgment as a matter of law

for a negligence claim occurring prior to July 28, 1975, by virtue of statutory immunity pursuant to R.C. 2743.02. Colon filed her brief in opposition to summary judgment on September 10, 1999, arguing that the action was not barred because it did not accrue until the damage to Colon was discovered on May 18, 1998. On September 27, 1999, the hospital filed a reply to the brief in opposition to summary judgment. The trial court, without utilizing proper case citations, granted the motion for summary judgment on October 19, 1999, stating in its half-sheet status form entry the following:

"Motion for summary judgment on behalf of defendant MetroHealth Medical Center is granted. *Quinn v. Lake County Mem. Hosps.* (11ᵗʰ App. Dist. December 17, 1979) 1979 Ohio App. LEXIS 9794; *Blankenship v. Cleveland Metropolitan Gen. Hosp.* (Ohio Ct.App., Cuyahoga County, October 9, 1980); *Courtney v. Cleveland Metropolitan Hospital* (8ᵗʰ App. Dist. Cuyahoga County 1989), 1989 Ohio App. LEXIS 1355 [1989 WL 36688]. Final."

Colon filed her notice of appeal from this summary judgment final order on November 18, 1999, and presents two assignments of error for review.

The first assignment of error provides:

"I

"The trial court erred in applying the doctrine of sovereign immunity as a complete defense to appellant's malpractice claims."

The standard of review for a motion for summary judgment was recently stated by this court in *Martin v. Dadisman* (Aug. 24, 2000), Cuyahoga App. No. 77030, unreported, 2000 WL 1222018, at *2:

"Appellate review of summary judgments is de novo. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241 [244–245]; *Zemcik v. LaPine Truck Sales & Equip. Co.* (1998), 124 Ohio App.3d 581, 585, 706 N.E.2d 860 [863–864]. The Ohio Supreme Court recently restated the appropriate test in *Zivich v. Mentor Soccer Club* (1998), 82 Ohio St.3d 367, 369–370, 696 N.E.2d 201 [204] as follows:

" 'Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. *Horton v. Harwick Chem. Corp.* (1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter

of law. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292–293, 662 N.E.2d 264, 273–274.'

"Once the moving party satisfies its burden, the nonmoving party 'may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.' Civ.R. 56(E). *Mootispaw v. Eckstein* (1996), 76 Ohio St.3d 383, 385, 667 N.E.2d 1197 [1199]. Doubts must be resolved in favor of the nonmoving party. *Murphy v. Reynoldsburg* (1992), 65 Ohio St.3d 356, 358–359, 604 N.E.2d 138 [139–140]."

■ The only question relevant to the motion for summary judgment is whether Colon's negligence action is barred as a matter of law by statutory immunity pursuant to R.C. 2743.02(B). This question is answered in the affirmative.

The issue before us was previously addressed by this appellate court and found to be without merit in *Courtney v. Cleveland Metro. Gen. Hosp.* (Apr. 13, 1989), Cuyahoga App. No. 55250, unreported, 1989 WL 36688, appeal not allowed in (1989), 44 Ohio St.3d 714, 542 N.E.2d 1110 (waiver of sovereign immunity under R.C. 2743.02[B] to be applied prospectively by virtue of R.C. 1.48). Accord *Brown v. Cleveland Metro. Gen. Hosp.* (June 29, 1989), Cuyahoga App. No. 57024, unreported, 1989 WL 73042 (county hospital immune from negligence liability for all acts occurring before July 28, 1975, pursuant to R.C. 2743.02[B] ); *Blankenship v. Cleveland Metro. Gen. Hosp.* (Oct. 9, 1980), Cuyahoga App. No. 41726, unreported; *Quinn v. Lake Cty. Mem. Hosp.* (Dec. 17, 1979), Lake App. No. 7–122, unreported, 1979 Ohio App. LEXIS 9794.

Since the injury in question occurred on August 6, 1962, prior to the July 28, 1975 waiver of liability under R.C. 2743.02(B), the hospital is statutorily immune from suit under the facts of this case.

The first assignment of error is overruled.

The second assignment of error provides:

"II

"The trial court's application of the doctrine of sovereign immunity violates appellant's right to a remedy as guaranteed by Section 16, Article I of the Ohio Constitution."

■ In support of this assignment, Colon reproduces the language of Section 16, Article I of the Ohio Constitution, and cites *Gaines v. Preterm–Cleveland, Inc.* (1987), 33 Ohio St.3d 54, 60, 514 N.E.2d 709, 715–716, for the singular proposition that "a remedy and injury to person, property or reputation under the Ohio

Constitution requires an opportunity to be heard at a meaningful time and in a meaningful manner." [1] Appellant's brief at 7. Colon next asserts that she was deprived of a constitutional right to a remedy by the granting of the motion for summary judgment in that she "has not been afforded a reasonable, meaningful opportunity to pursue a claim." *Id.* Nothing further is included within the argument of this assignment. In short, appellant appears to argue that she was denied due process because her claim was precluded by the application of sovereign immunity. This general argument was determined to be without merit in *Courtney v. Cleveland Metro. Gen. Hosp., supra,* 1989 WL 36688, at *3, citing *Frazier v. Alum Crest* (1976), 48 Ohio App.2d 283, 2 O.O.3d 237, 357 N.E.2d 407:

"As to the due process argument, plaintiff argues that sovereign immunity violates the child's right to seek redress in court for her injuries. As stated in *Frazier v. Alum Crest, supra,* '* * * plaintiff has not been denied a right of access to the courts because, as the Supreme Court has consistently held, no such right exists to sue the state or its instrumentalities, including counties and its agencies.' *Id.,* at 286 [2 O.O.3d at 239, 357 N.E.2d at 410]. Accordingly, the doctrine of sovereign immunity does not violate the child's constitutional rights. * * *"

Like the child in *Courtney,* plaintiff-appellant Colon's right to judicial redress is not impinged because no such right to redress existed prior to July 28, 1975. The closing sentence of Section 16, Article I of the Ohio Constitution authorizes the bringing of lawsuits against the state in such courts and in such manner as may be provided by law, and prior to the amendment of R.C. 2743.02(B), effective July 28, 1975, the state enjoyed immunity from suit.

The second assignment of error is overruled.

*Judgment affirmed.*

ANN DYKE, A.J., and SPELLACY, J., concur.

---

1. Section 16, Article I of the Ohio Constitution provides:

"All courts shall be open, and every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law, and shall have justice administered without denial or delay.

"Suits may be brought against the state, in such courts and in such manner, as may be provided by law."